## JOHN W. LANE *versus* SAMUEL TYLER *& al.*

Generally a partner cannot sue his co-partner at law upon any claim growing out of partnership transactions, and involving partnership interests.

But one may sue his co-partner upon any agreement which is not so far a partnership matter as to involve the partnership accounts; and also for a balance found due after a final adjustment of partnership accounts; and in all other cases in which the rendition of judgment will be a bar to any other suit growing out of the partnership transactions.

Improvements upon land owned by partners as tenants in common, made with partnership funds, are partnership property.

An express promise by a tenant in common does not bind his co-tenant; and, by a partner after dissolution of the partnership, does not bind his co-partner, when made to one having knowledge of the dissolution.

ON EXCEPTIONS to the ruling of DAVIS, J.

ASSUMPSIT to recover an alleged balance due the plaintiff, by reason of an error in the settlement of an account.

The facts are stated in the opinion. After the evidence of the plaintiff was out, the presiding Judge ordered a nonsuit, and the plaintiff excepted.

*F. O. J. Smith,* for plaintiff.

*Shepley & Dana,* for defendants.

The opinion of the Court was drawn up by

MAY, J.—There is but little controversy between the parties as to the law of this case. It is conceded that generally no partner can sue a co-partner at law for any claim growing out of partnership transactions, and involving partnership interests. It is equally clear that one may sue his co-partner upon any agreement which is not so far a partnership matter as to involve the partnership accounts. So, too, one may sue his co-partner for any balance found due to him after a final adjustment of the partnership accounts, and in all other cases where it appears that the rendition of a judgment in the suit will be an entire termination of the partnership transactions, so that no further cause of action can

grow out of them. In such cases, it seems that an express promise to pay any partner the balance found due to him may well be inferred. Parsons' Com. Law, 181, and cases there cited.

In the case before us, it appears that the plaintiff and defendants were co-partners, composing a firm under the name and style of Tyler, Rice & Co. The co-partnership is said to have been dissolved in 1853, and there has as yet been no adjustment of its affairs. Its accounts remaining unsettled, no balance has been ascertained as due to any member of the firm; and it does not appear that a judgment in this suit can, in any manner, operate as a final adjustment of the partnership affairs among its members. It is apparent, therefore, that, if this action can be maintained, it must be upon the ground that it does not involve partnership interests or accounts.

It is true that, by the plaintiff's deed to the defendants, dated September 1, 1853, the several partners, at law, became seized, as tenants in common, of the land and flats described in said deed, upon which the firm, with partnership funds, made great improvements by the erection of a store. These improvements were partnership property, and would have been so regarded, even if the land upon which they were made had been owned by the plaintiff alone. *Averill* v. *Loucks*, 6 Barb., 19; *Deming* v. *Colt*, 3 Sandf., 284; *King* v. *Wilcomb*, 7 Barb., 263.

It appears that the firm, as such, kept an account with "Real Estate on Commercial Street," being the same on which the store was built, in which were charged all the bills incurred by the partnership on account of such estate, and the improvements thereon, amounting in all, including interest, to $5957,79. This account contains a charge of $819,09, paid to Tyler, one of the firm, as one half of the cost of the partition wall standing on the line between said Tyler and the premises aforesaid, which half the firm assumed to pay. It is now said that this charge is erroneous, inasmuch as the amount paid was the whole cost of the wall instead of one half.

The same account shows that the firm have been paid in part for these advancements by receiving the plaintiff's note and mortgage for $5000, made payable to the defendants, the consideration of which was a deed from the defendants to the plaintiff, dated January 2, 1854, wherein they quit-claim all their right, title and interest in said premises, including the store then standing thereon. There is also another credit of $75, paid as interest upon said note up to April, 1854, thus leaving a balance due to the firm for advancements which the firm had made, of $882,79. This sum appears to have been paid to the firm, by having that amount charged to the plaintiff upon the partnership account against him. This arrangement appears to have been made between the parties in pursuance of an order drawn by the plaintiff upon the firm, in which the plaintiff says : — "Please charge me with eight hundred and eighty-two dollars and seventy-nine cents on account of real estate deeded to me, which, with my note and mortgage to said Tyler and N. C. Rice for $5000, *will balance your account* with real estate on the books of the late firm of Tyler, Rice & Co."

Thus it appears from the books and accounts of the firm, that all the payments made by the plaintiff were made in liquidation of the claims of the firm, for moneys advanced, and bills paid on account of said real estate. They were made directly to the firm. In fact, the parties throughout, in every thing except the form of the conveyances, and the use of the defendants' names as payees in the note and mortgage, seem to have treated the real estate, as well as the improvements thereon, as partnership property. The testimony of the plaintiff is in harmony with this view. On cross-examination he says, that he took the property from Tyler, Rice & Lane at the bills. Under such circumstances we should naturally expect the payments to have been made to them, as we find they were in fact made. There is nothing in the case tending to show that the firm has been remunerated for its advancements, in any other mode. If there was, therefore, any error in the amount charged to the plaintiff, upon his order, occasioned by an overpayment by

the firm to Tyler, for the partition wall, and we think the evidence is satisfactory that there was, still, such error having occurred in partnership transactions and involving, as it does, the partnership accounts between the members of the firm, cannot be corrected in this action. The only appropriate remedy, as matters now stand, is in equity.

It is further urged that the plaintiff can recover upon the ground of an express promise. This action, as it now stands, is upon a joint promise against two defendants. It must be proved as alleged. The promise testified to as having been made by Tyler, whether we regard it as made by him as a tenant in common or as a member of the firm, having been made, as it was, long after the firm was dissolved, cannot bind the other defendant. Tyler does not appear to have had any authority to bind him. Whether Tyler himself would be bound by it, we give no opinion. The nonsuit upon the facts before us was rightly directed.

*Exceptions overruled. — Nonsuit to stand.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and DAVIS, JJ., concurred.