## JOSEPH N. WHITE v. JOHN W. SCOTT, *et al.*

PUBLIC HALL, *Subscription for, Construed; Practice.*   Eighteen persons signed a written contract agreeing to subscribe sums set opposite their names for the purpose of building a public hall on the second story of a building to be erected on certain lots in the city of Iola.   The lots did not belong to the subscribers, and the first story was to be erected by the owners of the lots.   The hall, when completed, was to belong to the subscribers in proportion to the moneys subscribed by them, and deeds for their interests were to be made by the owners of the lots to them.   This contract was not signed by the owners of the lots, but in fact the building, including the first story and the hall above, was erected.   One subscriber refused to pay.   A deed from the owners of the land conveying his proportionate interest in the public hall was duly executed and tendered to him.   The other subscribers had none of them refused to pay, and in fact had all paid except to a small amount.   Besides this, one of the subscribers had advanced $100 above his subscription to apply on the cost of the building, and there was still about $200 due for work done and material furnished.   An action was brought in the names of the other subscribers against the party refusing to pay for the amount by him subscribed.   *Held*, first, that after the completion of the building, the fact that the owners of the lots did not sign the original contract between the subscribers, and had given no written consent to the placing of a second story upon their building, constituted no defense to a delinquent subscriber; second, that the action was properly maintained in the names of the other subscribers; third, that the fact that two of the original subscribers who were named as plaintiffs had prior to the commencement of the action transferred their shares and interests to others of the plaintiffs, afforded no ground for sustaining a motion to dismiss the action on account of misjoinder of parties plaintiff; fourth, that the action was not one of accounting between partners, but an action at law upon an express promise of one party to pay certain moneys into a contemplated partnership.

*Error from Allen District Court.*

ACTION brought by *Scott* and others against *White*, for the recovery of money. At the March Term, 1881, the district court affirmed the judgment of the justice of the peace for the plaintiffs, and against the defendant *White*, who brings the case here. The opinion states the facts.

*Murray & Smith*, for plaintiffs in error.

*J. H. Richards*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: On the 24th of January, 1881, defendants in error filed their bill of particulars before one John A. Christy, a justice of the peace, claiming judgment against the plaintiff in error in the sum of $100, for money claimed to be due them by virtue of a written contract. Trial was had before the justice without a jury, and judgment rendered in favor of the defendants in error for the amount claimed. A bill of exceptions was prepared and the case taken on error to the district court, which affirmed the judgment of the justice. From this ruling of the district court, a petition in error has been filed in this court, and the case is now before us for examination. The facts as they appear in the record are as follows: In March, 1880, the following contract was executed by the parties:

"IOLA, KANSAS, March, 1880.

" We, whose names are hereunto subscribed, do hereby agree to associate ourselves together for the purpose of building a public hall on the second story of a building to be erected by Anderson & DeClute and J. W. Scott, on the north 40 feet of lots 1 and 2, block 75, in the city of Iola, Kansas, on the following terms and conditions, to wit : The amount invested in said hall shall not exceed twenty-four hundred dollars ( $2,400 ), divided into 96 shares of $25 each, one or more of such shares to be subscribed by each person signing the agreement, and paid as hereinafter provided. When enough of said shares are subscribed to amount to the sum of $1,800, the subscribers shall choose from their own number one person

to act as treasurer, and three persons to act as a building and business committee.

"The subscribers shall pay to the treasurer, on the order of the said committee, such portions of their subscriptions as may be required as the work progresses : *Provided,* That no payment shall be required before the 1st of July, 1880, and not more than one-fourth of the amount subscribed at any one time, nor oftener than once in 30 days.

"It is further agreed by and between the subscribers to this agreement, as parties of the first part, and Anderson & DeClute and M. P. Scott, owners of the real estate above described, on which said hall is to be built, as parties of the second part, as follows, to wit : The said parties of the second part shall build or cause to be built on said property, the first story of the dimensions of 40 by 80 feet, 12 feet from floor to ceiling, with good, substantial stone or brick walls, not less than 18 inches thick, with a brick partition through the middle, the whole upon a hard and substantial foundation.

"The parties of the first part will then immediately lay the second joists, and proceed to build upon the walls thus provided a hall of the same dimensions, and of such height as may be agreed upon, and will inclose and roof the same without unnecessary delay, and thereafter keep the roof in good repair. And upon the completion of said hall, which shall include deadening of the floor, or whenever any of the subscribers shall have paid his full subscription, the parties of the second part agree and bind themselves to make such subscriber a quitclaim deed to such undivided fractional part of said hall as his subscription bears to the entire cost of said hall when completed, the grantee paying expense of such deed. When said hall is ready for occupancy, it shall be placed in charge of some person, to be designated by the subscribers, and shall be let at such prices as may be agreed upon for all legitimate public purposes ; and from such proceeds a sufficient amount shall be reserved to keep the hall in order and pay the annual taxes thereon, and the balance shall be divided *pro rata* amongst the subscribers at least once in six months. It is further agreed by the above-named Anderson & DeClute, that they will grant and forever guarantee access to the said hall by a sufficient stairway, not less than 7 feet wide, through the west end of their building, which is to form a foundation for north half of said hall, said stairway to be built by the company.

" In witness whereof we have set our hands hereto, and opposite our respective names the amount of stock taken in said hall :

| | | | |
|---|---|---|---|
| John W. Scott, 12 shares | $300 | Henderson & Bevington | $100 |
| Anderson & DeClute | 300 | J. W. McClure | 100 |
| C. M. Chollette | 200 | John W. Scott (additional) | 100 |
| J. N. White | 100 | J. W. McClure (in goods) | 100 |
| J. H. Richards | 100 | W. H. Richards | 100 |
| C. M. Simpson | 100 | E. D. Brown | 50 |
| Geo. A. Bowlus | 100 | H. W. Talcott | 50 |
| H. A. Perkins | 100 | M. L. Brewster | 25 |
| A. C. Scott | 100 | W. A. Cowan | 25" |

In pursuance of that contract the hall provided for was built; plaintiff in error refused to pay his subscription, and this action was to recover that subscription. All the other parties to the contract had paid their subscriptions in full, except one who subscribed $50, and another who subscribed $200, who had paid all but $40 or $50. In addition to this, one of the defendants in error had advanced about $100, and there is due and unpaid for labor and material about $200; so that the unpaid subscriptions will just about cancel the entire indebtedness. Some further work to a small amount must be done before the building can be said to be completely finished, but such additional work will not make the cost in excess of the $2,400 named in the original contract. The treasurer and building committee were duly appointed as specified in said contract, and the plaintiff in error was called upon to pay his subscription.

Upon these facts it is clear that it is but right and just that he should pay such subscription. A number of parties sign a written contract, pledging each a specified sum for the purpose of putting up a building. On the faith of these several subscriptions, the building is erected, under the direction of a committee duly appointed by the parties; nearly all the subscribers have paid, but the delinquency of one subscriber leaves a small debt against the building enterprise. Common justice requires that he should pay such subscription to relieve his associates from that burden of debt. Substantial right certainly would be secured if the rulings of the justice

of the peace and his judgment can be sustained.    And in re-
viewing proceedings before those magistrates, technical errors
or those rulings which do not work material injury to sub-
stantial rights, must be disregarded.    It is unnecessary that
every ruling made by a justice be technically right, or that
every proposition of law laid down by him be wholly correct.
It is enough if, without infringing upon any substantial right
of either party in the course of the proceedings, he has ulti-
mately reached a just conclusion on the facts; and we think
that in this case, upon these principles, the judgment of the
justice must be sustained.

Several specific objections are made to his rulings, the most
important of which we shall notice.    The first is, that the
contract was not signed by M. P. Scott and Anderson &
DeClute, who, it appears from the contract, were the owners
of the lots.    It is unnecessary to inquire what effect the lack
of these signatures would have had upon the rights of the
parties if any attempt had been made to collect a subscription
before the erection of the building.    But the contract of sub-
scription was alone between the subscribers; it was to build
a hall, and in fact the consent of the owners of the lot had
been obtained, and the building erected.    Now before the
erection of the building it might have been argued that there
was no certainty that the owners of the lots would consent,
or that the building would or could be erected, and that there-
fore the subscribers ought not to be compelled to pay their
money upon an uncertainty.    But all this is obviated now;
the consent has been obtained, the building erected, and the
plaintiff in error offered a conveyance from the owners of the
lots of his proportionate interest in the building. (*Carr v.
Bartlett*, Me. Sup. Ct., 24 Alb. L. J., 450.)

Another matter is this: The action was brought in the
names of all the other subscribers to the original contract;
it appeared upon the trial that two of them had transferred
their interests to other of the plaintiffs and had in fact no
interest in the building or enterprise at the time of the com-

mencement of the action. A motion was made to dismiss on account of misjoinder of parties plaintiff, which motion was overruled and judgment entered in the names of all the plaintiffs. There was no error in this which prejudiced defendant. There was no defect of parties; there were no other persons who as plaintiffs had any right in the matter, no one who could thereafter make any claim against the defendant. If the plaintiffs had inserted other names as plaintiffs than those who were in fact interested, such addition worked no prejudice to the defendant. The injury, if to any one, was to those of the plaintiffs who had the real interest, for the non-interested plaintiffs might have collected the judgment. It would not have been ground for a demurrer in the district court, and furnishes no rights to any relief by motion to dismiss or otherwise in the justice's court. See the case of *McKee v. Eaton,* ante, p. 226. But were not the parties in fact interested and properly plaintiffs? The associates were all liable for the debts; these two were liable; and unless they collected from the delinquent subscribers they might have to pay the debts themselves.

A final matter is this: Plaintiff in error contends that there is a confusion in the findings of fact and conclusions of law made by the justice of the peace; that some of them show that this was an action of accounting between partners, and others an action to recover damages for a breach of contract to enter into partnership. It is really unnecessary to enter into a discussion of this matter. It is enough that upon the facts found and the testimony the proper judgment was entered. The case is plainly not one of an accounting between partners; it was an action at law to recover moneys which the defendant had promised to pay into a proposed partnership; and that this action may be sustained is abundantly shown by the authorities. See the case of *Truitt v. Baird,* 12 Kas. 420, and the cases cited in the opinion; also *Ellison v. Chapman,* 7 Blackf. 224; *Bagley v. Smith,* 10 N. Y. 489; *Crater v. Bininger,* 45 N. Y. 545; *Currier v. Rowe,* 46

31 — 26 KAS.

N. H. 72; *Wright v. Eastman,* 44 Me. 220; *Lane v. Tyler,* 49 Me. 252.

These are all the matters of substance that need consideration, and in them appearing no material error, the judgment of the district court must be affirmed.

All the Justices concurring.