ANGELIA DAGGETT *vs.* JAMES L. SIMONDS, executor.

Suffolk. January 12, 1899. — May 18, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Delivery — Evidence.*

If A. delivers to B., a person in his employ, a promissory note payable to C., in escrow, to be held by B. and delivered to C. on condition that A. dies without recalling it, the happening of the condition leaves B. with authority to deliver it to C., and thereby to give him a good title; but if B. was simply to take

the note into his custody and to hold it as the servant of A. under his orders, B. cannot effectually deliver it to C. after A.'s death.

In an action by the payee against the executor of the will of the maker of a promissory note delivered by the testator to a person in his employ and by the latter delivered to the payee after the maker's death, evidence of directions given by the testator when he handed the note to his servant is competent on the question of delivery, as is also evidence of admissions by the testator upon that subject; but evidence of the amount of the payee's claim against the estate of the testator, and also of the amount of his claim against the executor personally, is immaterial.

CONTRACT, against the executor of the will of Esther L. Robbins, upon a promissory note for $500, dated September 24, 1894, payable to the plaintiff on demand, and signed by the testatrix. Trial in the Superior Court, before *Maynard*, J., who allowed a bill of exceptions, in substance as follows.

Hattie A. Ray, called as a witness by the plaintiff, testified that the note in suit was signed by the defendant's testatrix, Esther L. Robbins. On cross-examination the witness testified that Robbins died in Lawrence on June 16, 1895; that the witness had been in her employ for thirteen years before her death, working around the house, keeping books for her, and doing anything she was told to do; that she was on quite intimate terms with her; that the plaintiff never saw the note in suit during the lifetime of its maker, but that the witness delivered the note to the plaintiff on the morning after Robbins died; and that the note was delivered to the witness by Robbins immediately after she wrote it at its date, together with three other notes, payable to different persons, all in one envelope sealed, and marked " A. D.," which envelope the witness kept in her possession until the morning after Robbins died, and then opened it and delivered the notes to the persons for whom they were intended.

The witness was asked by the plaintiff, " What did Miss Robbins say to you when she handed this note to you? " To the admission of this evidence the defendant objected; but the judge admitted it. The witness thereupon answered, " She said, ' I do not feel as if I have paid Aunt Angie for all she has done for me, so I give her this note to part pay her. After my death, be sure Aunt Angie gets it. Do not leave it around so Simonds can get it, or there will be trouble if he does get it.' " And the defendant excepted.

The witness was then asked by the plaintiff, " Do you recall

her saying anything a day or two before she died, in the presence of Miss Daggett, about the note?" To the admission of this evidence the defendant objected, but the judge admitted it. The witness answered, "She said to me, 'Be sure and deliver the notes as I told you to.'" And the defendant excepted.

The witness further testified that Robbins owed her a sum of money at her death; and that the defendant, both as executor and in his individual capacity, owed her something.

The defendant thereupon asked the witness, "How much do you claim the defendant, as executor, owes you?" To the admission of this evidence the plaintiff objected; the judge excluded it; and the defendant excepted. The defendant then asked the witness, "What claim do you claim to have against the defendant individually?" To the admission of this evidence the plaintiff objected; the judge excluded it; and the defendant excepted.

The plaintiff, called as a witness by the defendant, testified that she first saw the note in suit on the morning after Robbins died; that the note was then in the hands of Miss Ray; that Miss Ray worked for the testatrix up to the time of her death, taking care of her clothes, writing for her, and doing everything required of her; that the testatrix was a niece of the plaintiff; that the witness was present with the testatrix much of the time during the two or three days preceding her death, and did what she could for her, but did it with the expectation of remuneration for her services; that she knew there was a note for her; and that she had been told that fact by Mrs. Jones, her sister, but the testatrix never told her so.

On cross-examination, the plaintiff testified that after the testatrix came to Lawrence, the day before she died, she said to the witness, "There is a note for you," and, turning to Miss Ray, she said, "Give her the note"; that the plaintiff worked for the testatrix during her lifetime, dressmaking, and at one time spent a week with her and did all the work, housework, dressmaking, and collecting some rents ; and that the note in suit came to her sealed in an envelope with the letters "A. D." written on it.

Harriet D. Jones, called by the plaintiff as a witness, testified that she was a sister of the plaintiff and aunt of the testatrix, who died in the witness's house in Lawrence.

The plaintiff asked the witness, " Did you ever learn anything from Miss Robbins about this note ? " To the admission of this evidence the defendant objected, but the judge admitted it. The witness answered, " I was at her home some time in the early spring and sat talking with her, and she told me of my sister's kindness. She said, ' I have not half paid her, but I have made her a note for five hundred dollars.' She had given it to Miss Ray to hold for her." And the defendant excepted.

The witness further testified, subject to the defendant's exception, that the testatrix spoke of the note several times, and on the day she died asked Miss Ray to give the note to the plaintiff, who was in the room at the time.

At the close of the evidence, the defendant requested the judge to instruct the jury as follows:

" 1. Upon all the evidence the plaintiff is not entitled to recover. 2. If Esther L. Robbins made the note in suit intending to keep it in her possession, either in her personal possession or in the possession of her agent or servant, during her lifetime, and that, should she not change her mind and destroy the note before her death, her agent or servant should deliver the note after her death to the plaintiff; and if Robbins did keep the note in her possession or that of her servant or agent until her death, and if after her death her servant or agent, pursuant to oral directions given her by Robbins, delivered the note to plaintiff, the plaintiff not having theretofore at any time been in possession of the note, the plaintiff cannot recover in this action. 3. If Esther L. Robbins made the note in suit and delivered it in her lifetime to Hattie A. Ray, with directions to keep it during her (said Robbins) lifetime and on her death to deliver it to the plaintiff, Ray held such note as agent of Esther L. Robbins, and not as agent of the plaintiff; and Ray had no right to act as agent of Robbins after her death, and could not lawfully deliver the note to the plaintiff after the death of Robbins. 4. If Esther L. Robbins made the note in suit and delivered it in her lifetime to Hattie A. Ray to keep during her lifetime, and Ray, after the death of Robbins, delivered the note, the plaintiff cannot recover. 5. Delivery of a promissory note, as between the maker and payee thereof, must be made by the maker or his agent. An agent cannot act as such after the death of his principal; and if

Esther L. Robbins made the note in her lifetime and delivered it to Hattie A. Ray to deliver to the plaintiff after Robbins's death, and Ray did not deliver the note during the lifetime of Robbins, but did deliver it after her death, the plaintiff cannot recover in this action.    6. Unless the promissory note in question was delivered to the plaintiff during the lifetime of Esther L. Robbins, the plaintiff cannot recover in this action.    7. If Esther L. Robbins made the promissory note in question during her lifetime, and placed it, together with three other notes, in the custody and keeping of Hattie A. Ray, under such an arrangement with Ray that she (said Robbins) could treat them as her own property during her lifetime, and Ray, after the death of Robbins, delivered the note in suit to the plaintiff, the plaintiff cannot recover.    8. The note not being delivered before the death of Robbins, the direction of Robbins to her servant Ray on the day she died cannot operate as a *donatio causa mortis*, and Hattie A. Ray had no right to deliver it to the plaintiff, but should have delivered it to the defendant, executor of the will of Robbins."

The judge refused to give any of the rulings requested; and the defendant excepted.

The judge instructed the jury, among other things, as follows :

" Then comes the question of delivery, because a paper is good for nothing until it is delivered. In order to have this a good and binding note there must have been a delivery.

" Now, it is not essential that this delivery should have been made in the lifetime of the maker of the note; that is, there may be circumstances which would make it a good delivery. Now the plaintiff claims in this case that this lady who died, being a niece of the plaintiff, considering that services had been rendered to her for which she had not been paid, in the presence of Miss Ray, who was her servant, made a note for $500 and delivered it to Miss Ray, with the instruction when she was dead to deliver it to the plaintiff. The plaintiff claims further that some time before the maker of the note died, the deceased was talking with Mrs. Jones, the sister of the plaintiff, and that she told Mrs. Jones she had made a $500 note and given it to Miss Ray to keep and to be delivered to the plaintiff when the maker of the note should be dead, and that she gave that information to the plaintiff. So it is claimed here by the plaintiff that this note

was made and was given to Miss Ray to keep until the decease of the maker, and that the plaintiff had knowledge of the fact through the telling of it to Mrs. Jones by the party deceased.

" Now if all these things are true, under those circumstances it would be competent for this woman who died to recall this note at any time before her death. But if she never recalled that note from Miss Ray, and if you find that to be the circumstance, and that position of things remained until after her decease, and if after her decease Miss Ray did deliver it in pursuance of the instructions to deliver that note to the plaintiff, that would be a good delivery. Now it is suggested and it is true, of course, that if I put things in my servant's hands in the ordinary way, his possession is my possession, that is, I put them in his hands to be kept for me. But it does not make any difference what relation my servant bears to me, if I put certain things in his hands to be delivered to somebody else; that is not my possession. . . . So if that note was given to Miss Ray for the purpose of keeping it and to be delivered to this party, then she did not hold it in the capacity of a servant of the maker of the note, but held it just the same as any other individual who did not bear that relation would hold it. What I want to impress upon you is that the fact that she was a servant in some things to the person who died did not prevent her from being capable of holding this note just the same as any stranger could have held it.

" In the first place, did the person deceased make this note? is that her signature? In the second place, if she made it, was there a consideration for it? And in the third place, was it delivered and kept upon the theory which the plaintiff has claimed in this case, that is, to be delivered to the aunt after the maker's death? And if you find that it was, and that the plaintiff knew about it, and assented to it, then you may find that it was a good delivery. But if, on the other hand, there was no consideration for it, or if it was not delivered in the way that has been claimed by the plaintiff, then you must find for the defendant."

The defendant excepted to so much of the judge's charge as was inconsistent with the defendant's requests for rulings.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. W. Rowley*, for the defendant.

*F. S. Hesseltine*, for the plaintiff.

KNOWLTON, J.   This is an action against the executor of the will of Esther L. Robbins to recover the amount of a promissory note made by the testatrix.   The evidence tended to show that this note and three other notes payable to different persons were sealed up in an envelope by the testatrix before her death and handed to one Hattie A. Ray, who had been employed by her for thirteen years and was on intimate terms with her, working about the house and assisting her in different ways.   The witness Ray testified that, when the testatrix handed her the note, she said, " I do not feel as if I have paid Aunt Angie for all she has done for me, so I give her this note to part pay her.   After my death, be sure Aunt Angie gets it.   Do not leave it around so Simonds can get it, or there will be trouble if he does get it."   The person referred to as Aunt Angie is the plaintiff, and Simonds is the defendant.   This note was sealed in an envelope with the letters " A. D." upon it.   There was evidence from other witnesses tending to show that the testatrix delivered the note to Miss Ray to be kept until the death of the testatrix, and then to be handed to the plaintiff.   There was no direct testimony as to whether she intended to reserve to herself a right of revocation ; but it was in evidence that Miss Ray kept the notes all the time until after the death of the testatrix, and then opened the envelope and delivered them to the persons for whom they were intended.

The defendant made eight requests for rulings, all of which were refused, subject to his exception.   Most of these could not properly have been given in the form in which they were presented.   The second was in these words: " If Esther L. Robbins made the note in suit intending to keep it in her possession, either in her personal possession or in the possession of her agent or servant, during her lifetime, and that, should she not change her mind and destroy the note before her death, her agent or servant should deliver the note after her death to the plaintiff; that if Robbins did keep the note in her possession or that of her servant or agent until her death, and if after her death her servant or agent, pursuant to oral directions given her by Robbins, delivered the note to plaintiff, the plaintiff

not having theretofore at any time been in possession of the note, the plaintiff cannot recover in this action." The evidence and the requests call for a statement of the law in regard to the kind of delivery required to give a promissory note validity. From the testimony of the different witnesses, the jury might have found that the testatrix intended merely to put the note in the custody of her servant in the same way as much of her other property was in the servant's custody, and wished it to be held under her direction without a change of the possession, and to be delivered after her death in execution of her order. If this was the arrangement, it is clear that there was no delivery, and that the authority of the servant terminated with the death of the testatrix, and left the notes a part of her estate, to be administered by her executor. On the other hand, the evidence would have well warranted a finding that the notes were delivered to Miss Ray in escrow, to be held by her as a third person, as if she were not in the service of the testatrix, and with an intention on the part of the testatrix that her possession should be for the benefit of the plaintiff, and that she should deliver the note to the plaintiff on the death of the maker. If this was the arrangement, she having accepted the possession and having delivered the note after the death of the maker to the plaintiff and the plaintiff having then accepted it, there was a good delivery in escrow, and the second delivery related back and took effect from the time of the first delivery. The general doctrine applicable to a delivery in escrow was stated by Chief Justice Parsons in *Wheelwright* v. *Wheelwright*, 2 Mass. 447, and was referred to in *Hatch* v. *Hatch*, 9 Mass. 307, 310, and in *Foster* v. *Mansfield*, 3 Met. 412. In the last case, the grantor made a deed and delivered it to a third person with a request that he would deliver it to the grantee after his, the grantor's decease, which he did. It was held that the deed took effect by relation at the time of the first delivery. Chief Justice Shaw says in the opinion: " It is immaterial to inquire, what would have been the effect, if the grantor had recovered from his sickness and taken back the deed. As the estate did not effectually pass till the second delivery, if that second delivery had been prevented, it would probably have been held that it was wholly inoperative." See *Hale* v. *Joslin*, 134 Mass. 310.

In *Worth* v. *Case*, 42 N. Y. 362, the defendant's testator sealed up a paper and delivered it to the plaintiff, who was his sister, with this indorsement upon it: " Mary C. Worth. This is not to be unsealed while I live, and returned to me any time I may wish it. T. B. Worth." She took it and kept it without knowing its contents until after his death, when she opened it and found it contained a promissory note for ten thousand dollars, payable to her, for which there was a valuable consideration in her previous services to the testator. It was held that there was a good delivery, inasmuch as the maker intended that it should pass as a binding contract, subject to be defeated by the opening of the paper by Mary C. Worth, or by his recall of it during his lifetime.

In *Giddings* v. *Giddings*, 51 Vt. 227, a sealed envelope was left with a third person, who indorsed upon it these words : " Letter left in my care by Benjamin Giddings, to be handed to Mr. Giddings if he calls for it; otherwise not to be opened in his lifetime." The Mr. Giddings referred to in the indorsement was Benjamin Giddings. The envelope contained three notes made by Benjamin Giddings to three of his nephews, and on the outside it was directed to one of them. The indorsement was in accordance with the instructions given. There was evidence of a consideration for the notes. It was held that this was a delivery in escrow, and that, the letter not having been recalled by Benjamin Giddings, the notes were binding upon his administrator. That an unexercised right of revocation is of no effect to defeat a deed delivered in escrow is held in *Blanchard* v. *Sheldon*, 43 Vt. 512, and in *Morse* v. *Slason*, 13 Vt. 296, 307. *Foster* v. *Mansfield*, 3 Met. 412, cited above, suggests the same proposition.

In *Belden* v. *Carter*, 4 Day, (Conn.) 66, the grantor in a deed handed it to a third person, saying, " Take this deed, and keep it; if I never call for it, deliver it to B. after my death; if I call for it, deliver it up to me." He did not call for it, and after his death it was held a good deed in the hands of the grantee.

The doctrine in regard to the delivery of deeds in escrow is generally held applicable to promissory notes, and there is no good reason why it should not be. . *Bell* v. *Ingestre*, 12 Q. B. 317. *Benton* v. *Martin*, 52 N. Y. 570, 574. *Sweet* v. *Stevens*, 7 R. I. 375. 4 Am. & Eng. Encyc. of Law, (2d ed.) 204, and cases cited.

Without determining whether we should go so far as the decision goes in *Worth* v. *Case*, 42 N. Y. 362, we are of opinion that if the testatrix in the present case delivered the note in escrow, to be held by Miss Ray and delivered to the plaintiff on condition that the maker died without recalling it, the happening of the condition left Miss Ray with authority to deliver it to the plaintiff, and thereby to give her a good title. If, on the other hand, Miss Ray was simply to take the note into her custody and to hold it as the servant of the testatrix, under her orders, she could not effectually deliver it to the plaintiff after the death of the maker.

The instructions to the jury, taken in connection with the refusal to give the instructions requested, failed to state the rules of law applicable to the case so clearly as was necessary for their guidance.

The note was given for a valuable consideration, and it unquestionably would have been valid if it had been delivered by the testatrix to the plaintiff personally. The case is not like *Parish* v. *Stone*, 14 Pick. 198, in which the note was given for two distinct and independent considerations, one of which was valid and the other not, and in which it was held that the note should be apportioned.

There was no error in the admission or exclusion of evidence. The directions given by the testatrix in regard to the note are competent on the question whether there was a delivery, and her admissions upon that subject are evidence against her executor. The amount of the claim of the witness Ray against the estate of the testatrix was immaterial, as was also the amount of her claim against the executor personally.

*Exceptions sustained.*