No. 26,721.

THE AMERICAN LEGION, CHRISTIE E. WILSON POST No. 324, Rexford, *Appellee,* v. C. C. THOMPSON, *Appellant.*

SYLLABUS BY THE COURT.

SUBSCRIPTIONS—*Construction of Contract.* Subscription contracts in writing are to be construed as are other written contracts. In the absence of fraud or mutual mistake, parol evidence will not be received to vary their terms.

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed May 8, 1926. Affirmed.

*W. H. Clark,* of Hoxie, and *E. H. Benson,* of Colby, for the appellant.

*E. F. Beckner, Guido E. Smith* and *V. L. C. Smith,* all of Colby, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action upon a subscription to the building of an American Legion memorial building. The trial court directed a verdict for plaintiff, and defendant has appealed. The heading of the subscription paper signed by defendant reads as follows:

"We, the undersigned, agree to pay the amount set opposite our names for the purpose of building an American Legion memorial building at Rexford,

Contracts, 13 C. J. pp. 757 n. 18, 784 n. 78. Subscriptions, 37 Cyc. pp. 489 n. 38, 495 n. 72, 497 n. 83, 504 n. 46; 25 R. C. L. 1397, 1407.

Kansas, the Legion agreeing that bonds shall be issued to each party for the amount subscribed."

Defendant signed this for $500. Other persons signed this or similar subscription lists for amounts aggregating $10,500. There was a separate subscription list signed by members of the Legion, in which the subscribers reserved the option of paying in work, in the construction of the building, at the current rate of wages, and in which there was no provision by which bonds were to be issued to them. The building was constructed. The defendant paid $100 upon his subscription and received a bond of that amount. He refused to pay the balance of $400, though bonds for that amount were tendered him, hence this action.

Defendant contends that the written subscription contract was incomplete. He offered evidence tending to show that perhaps a month prior to his signing the subscription, at a meeting held at the chamber of commerce, representatives of the plaintiff stated the plan of building the memorial building to be to take subscriptions from nonmembers of the Legion, to whom bonds secured by a first mortgage on the building would be issued for the respective amounts subscribed, that the members of the Legion would donate the unskilled labor, that the lot for the erection of the building would be donated, and that the cost of the building should not exceed $8,500 to $9,000. Defendant did not contend that he had been induced to sign the subscription by fraud, nor by mutual mistake, nor did he seek to reform the subscription contract in any way, but simply sought to show the additional terms of the agreement, and further to show that they had been violated, in that some of the money paid in on subscriptions was used to pay members of the Legion for work upon the building, and that the building had cost more than $9,000. The court declined to admit this evidence, and this ruling constitutes the principal question raised by appellant. There is no error in excluding this evidence. It is apparent all of it was in the nature of a general talk before the subscription contract was signed, and in the absence of any allegation of fraud or mutual mistake inducing the signature it was not competent.

This is a subscription contract containing mutual obligations. There is a promise by the defendant of the payment of money for erecting of the memorial building which implied an obligation of plaintiff to construct such a building, and there is the further promise of plaintiff to deliver defendant's bond. It should be construed in

accordance with the rule applicable generally to the construction of written contracts. (37 Cyc. 495.) The performance of a collateral and contemporaneous promise is not a condition precedent to recovery on the subscription. (*Merchants Imp. Co. v. Exchange Bldg. Co.*, 210 Ill. 26.) The construction of the written agreement is a matter for the court, and in the absence of fraud or mutual mistake the written contract is regarded as embodying all of the prior or contemporaneous negotiations of the parties which were agreed upon by them. (*Hazelton v. Chaffin*, 109 Kan. 175, 177, 197 Pac. 870.)

Appellant contends that it was the understanding the bond to be delivered by plaintiff to defendant upon the payment of his subscription was to be secured by a first and prior lien upon the property. The evidence discloses that the bond delivered was a first lien in form, and the only thing which prevented it from being so in fact was a mechanic's lien for a part of the cost of constructing the building, the debt for which could have been paid had this defendant and other subscribers paid their subscriptions in accordance with their contract. We do not regard this as being a sufficient variation to justify defendant in refusing to pay his subscription.

The judgment of the court below is affirmed.