### No. 27,521.

The Thomas County Coöperative Business Association of Colby, *Appellant*, v. Charles. Pearson, *Appellee*.

(260 Pac. 623.)

#### SYLLABUS BY THE COURT.

1. Subscriptions—*Consideration—Mutual Promise of Others.* A subscription by a stockholder by which he agrees to pay a certain sum of money to the corporation for the purpose of paying a corporation debt which the subscriber and others have guaranteed and for the purpose of enabling the corporation to continue in business is a valid and binding obligation.

2. Same—*Nature of Obligation.* Such a subscription as is mentioned in the first paragraph of this syllabus is not a promise to loan money although the subscription provided that a certificate of indebtedness should be issued to the subscriber for the amount of money he paid.

3. Same—*Actions—Proper Parties to Enforce Payment.* The corporation to which such a subscription as is mentioned in the first and second paragraphs of this syllabus is made may maintain an action to enforce its payment.

4. Pleading—*Allegations Avoiding Matters of Defense.* It is not necessary that a petition contain allegations to avoid matters of defense.

Pleading, 31 Cyc. p. 109 n. 87. Subscriptions, 37 Cyc. pp. 488 n. 36, 502 n. 20, n. 25; 48 L. R. A. n. s. 798; 38 A. L. R. 906; 25 R. C. L. 1401.

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed November 5, 1927. Reversed.

*E. H. Benson,* of Colby, for appellant.

*Verni L. C. Smith, Guido E. Smith,* both of Colby, *C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The plaintiff, a corporation, sued to recover the sum of $1,000, which the defendant had agreed to pay on a subscription given by himself and others to the plaintiff with which to discharge a $70,000 indebtedness owing by the plaintiff to two banks in Colby, Kan.   Judgment was rendered in favor of the defendant, on his motion for judgment on the pleadings and trial statement of the plaintiff, on the ground that they did not state a cause of action against the defendant.   The plaintiff appeals.

The petition alleged that the plaintiff was incorporated; that it was engaged in the business of buying, shipping, and selling grain, coal, and other farm products, buying and selling farm machinery and implements, and had an elevator, machinery sheds, and warehouse at Colby; that the defendant was a stockholder in the plaintiff corporation; that the plaintiff became indebted to two banks in Colby in the sum of $70,000, and was unable to carry on its business without more money; that to obtain money with which to discharge that indebtedness, the defendant, with other stockholders, signed a subscription paper in which he promised to pay to the plaintiff the sum of $1,000, as soon as the sum of $70,000 had been subscribed and paid, and upon such payment he would receive a certificate of indebtedness of the plaintiff in payment of his subscription; that the $70,000 was subscribed, and the indebtedness was paid; that a certificate of indebtedness was tendered to him; and that he refused to pay the $1,000.   The instrument signed by the defendant, and on which the plaintiff seeks to recover, is as follows:

"We, the undersigned, members of the Thomas County Coöperative Association of Colby, Kan., and signers of the guarantee for the payment of the association's debts, debts dated March 21, 1921, hereby agree to pay in cash, upon demand, the sum of money set opposite our names for the purpose of paying off the present indebtedness of said association, taking a certificate of indebtedness of said association in payment as evidenced by said certificate and according to the terms embodied therein.

"Charles  Pearson...................................... $1,000."

The contract disclosed that the defendant, with others, had guaranteed the payment of the $70,000 indebtedness to the two banks. The opening statement of the plaintiff was in accordance with the petition, and was not at variance with it.

1. The plaintiff argues that the petition stated a cause of action against the defendant, and that it was error to render judgment in favor of the latter on his motion for judgment on the pleadings and trial statement. The defendant argues that the contract was not supported by any consideration. Such promises as were made by the defendant and the other subscribers are on a sufficient consideration for the contract, and are enforceable. (37 Cyc. 482; *White v. Scott,* 26 Kan. 476; *McCormick v. Gas Co.,* 48 Kan. 614, 29 Pac. 1147; *American Legion v. Thompson,* 121 Kan. 124, 245 Pac. 744.)

2. The defendant contends that the subscription signed by him is an agreement to loan money, and its breach does not render him liable. That contention is based on a wrong interpretation of the contract. It is a subscription to a corporation in which the defendant was a stockholder, and which was so deeply involved in debts guaranteed by the subscriber and others that it could not do business without more money. To help in furnishing that money, the defendant signed the contract. That contract is more nearly analogous to a subscription for stock in a corporation than it is to an agreement to loan money. Such subscriptions for stock are enforceable, not because they are agreements to loan money, but because they are agreements to furnish money in consideration of stock issued by the corporation. The money is furnished to enable a corporation to go into business. In the present action, the defendant agreed to pay the money in order to enable the corporation in which he was financially interested to pay the debts guaranteed by him, and to continue in business. He was agreeing to invest his money in a business enterprise, not agreeing to loan money.

3. The defendant urges that the plaintiff is not the real party in interest, and for that reason it cannot maintain this action. The promise was made to the plaintiff for the plaintiff, not to, nor for, any other person. The plaintiff was therefore the real party in interest and can prosecute the action. (37 Cyc. 501.)

4. The defendant urges that "the purpose for which this money was to have been raised has been served and defendant cannot be

called upon to pay the money for any other purpose." The petition alleged the $70,000 had been paid at the time the suit was brought. How it had been paid was not alleged. If it had been paid by funds arising in any way other than from the subscriptions, or on the faith of them, that matter should have been shown by the defendant as a defense, if it constituted any defense, which it is now not necessary to discuss. It was not necessary for the plaintiff in the petition to allege matters to avoid that defense.

The judgment is reversed.