No. 29,331.

THE THOMAS COUNTY COÖPERATIVE BUSINESS ASSOCIATION OF COLBY, *Appellee*, v. CHARLES PEARSON, *Appellant*.

(287 Pac. 242.)

Opinion filed May 3, 1930.

*Verni L. C. Smith, Guido E. Smith,* both of Colby, *C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellant.

*E. F. Beckner* and *E. H. Benson,* both of Colby, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to recover on a subscription contract given by the defendant to the plaintiff for the purpose of assisting in paying the indebtedness of the latter. Judgment was rendered in favor of the plaintiff, and the defendant appeals. The plaintiff was a corporation in which the defendant was a stockholder.

This is the second appeal in this action. The opinion in the first is found in 124 Kan. 430, 260 Pac. 623.

The subscription contract on which the action is based was as follows:

"We, the undersigned, members of the Thomas County Coöperative Association of Colby, Kansas, and signers of the guarantee for the payment of the association debts, dated March 21, 1921, hereby agree to pay in cash, upon demand, the sum of money set opposite our names for the purpose of paying off the present indebtedness of said association, taking a certificate of indebtedness and said association in payment as evidence by said certificate and according to the terms embodied therein.

CHARLES PEARSON. $1,000. "

■ The defendant argues that section 33-106 of the Revised Statutes prevents this action being maintained. - That section, so far as material, reads:

"No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another person . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

Does the contract come within the operation of that statute? The promise for payment is direct from the defendant to the plaintiff; it is not a promise to pay a debt owing by some third person to the plaintiff. The defendant did not by the contract agree to pay any debt; he created a debt of his own. For that reason the statute does not apply.

■ It is urged by the defendant that the claim of the plaintiff was barred by the statute of limitations at the time the action was commenced. The record discloses that the subscription was made in the fall of 1921. This action was commenced on January 10, 1925. The basis of this argument is that the defendant did not personally sign the subscription contract. He argues that if his subscription thereto is binding on him, it is binding because his name was signed thereto at his direction by Louis Fannell, one of the persons that went to him to secure his subscription. The defendant argues that the three-year statute controls because it is his verbal statement that binds him. The defendant denied authorizing Fannell or any other person to sign his name to the contract. There was evidence which tended to prove that he had given such

authority to Fannell. The contract was in writing. The name of the defendant was signed by his direction. The effect is the same that it would be if he had signed the contract himself. The action was not barred at the time it was commenced; the five-year statute controls.

■ Another proposition argued is that there was no consideration for the signature of the defendant to the contract. That proposition was argued when the case was here before. The court then said:

"The defendant argues that the contract was not supported by any consideration. Such promises as were made by the defendant and other subscribers are on a sufficient consideration for the contract, and are enforceable." (*Thomas County, etc., Ass'n v. Pearson,* 124 Kan. 430, 432, 260 Pac. 623.)

The following authorities were there cited to support the principle declared: 37 Cyc. 482; *White v. Scott,* 26 Kan. 476; *McCormack v. Gas Co.,* 48 Kan. 614, 29 Pac. 1147; *American Legion v. Thompson,* 121 Kan. 124, 245 Pac. 744. That rule became the law of this case and is now followed.

■ It is argued that there has been a departure from the cause of action set out in the plaintiff's original petition. We quote from the brief of the defendant as follows:

"In the original petition filed herein, and which was before this court in 124 Kan. 430, it was alleged that the sum of $1,000 was to be paid 'as soon as the sum of $70,000 had been subscribed and raised.' In the second amended petition this allegation was omitted and over the objections of the defendant the case was tried on plaintiff's new theory."

The cause of action set out in the original petition was on the subscription contract on which the plaintiff now seeks to recover. The cause of action was the same then as it is now. The omission of the words "as soon as the sum of $70,000 had been subscribed and raised" from the allegation did not change the cause of action.

The judgment is affirmed.