322

No. 29,971.

COTNER COLLEGE, *Appellee,* v. J. R. HYLAND and ANNA MALLERY, as Executors of the Estate of William D. Johnson, Deceased, *Appellants.*

(299 Pac. 607.)

Opinion filed June 6, 1931.

*J. R. Hyland,* of Washington, for the appellants.

*Roland Max Anderson* and *Clarence G. Miles,* both of Lincoln, Neb., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding was originally one in the probate court for allowance of a claim against an estate. The claim was based on a subscription to the endowment fund of Cotner College, at Bethany, Neb. The claim was allowed, and the executors appealed. In the district court judgment was rendered for the college, and the executors again appeal.

The subscription paper was executed and accepted while the college was making a campaign for funds known as the "Cotner crusade," and reads as follows:

"COTNER COLLEGE ENDOWMENT FUND.

E-I-K 162; Estate Note.

"In consideration of our interest in Christian education and the promises of like tenor and effect made by other subscribers to Cotner College, at Bethany, Nebraska, we hereby promise to pay to said Cotner College the sum of ten thousand dollars ($10,000), upon the following terms and conditions:

"1. This note shall be due and payable out of the proceeds of our estate sixty days (60) after our decease.

"2. It is understood that this note shall bear a rate of interest of none per cent per annum, payable annually from date to Cotner College until we otherwise notify said college in writing.

"3. It is understood and agreed that at any time convenient to ourselves we may pay part or all of this obligation, and receive therefor an annuity bond in the amount of the sum paid; and when said principal sum of ten thousand

dollars ($10,000) shall have been paid, we shall have no obligations under this contract."

"Done at Morrowville, Kansas, this 14th day of April, 1926.

[Signed]   W. D. JOHNSON,
ELVA D. JOHNSON."

The sole defense relied on in this court is want of consideration.

Defendants say there was not a scintilla of evidence that the makers of the instrument executed it in consideration of the fact that some other person executed a similar instrument, either before or after execution of the instrument in controversy. This involves a play on the word "consideration." Continuing the play, it may be observed that want of consideration is an affirmative defense; the instrument declared the makers executed it in consideration of promises of like tenor and effect made by other subscribers; and there was not a scintilla of evidence to show that the recital in the instrument was not true.

From the case of *White v. Scott*, 26 Kan. 476 (1881), to the case of *Thomas County, etc., Ass'n v. Pearson*, 124 Kan. 430 (1927), 260 Pac. 623, this court has sustained and enforced subscription contracts in various forms, and there is nothing peculiar about the contract here involved which prevents enforcement according to its terms. In this state there is no limitation on the right of a beneficiary of a subscription instrument to sue the subscribers, and the consideration for the promise of each subscriber is found in the promises of others. The doctrine may be sound or unsound, but it is a wholesome one in practice, and the court will not now depart from it.

In this instance the proof was that other subscriptions of like tenor and effect had in fact been made before execution of the Johnson contract, and therefore the Johnson subscription became irrevocably effective from the time the instrument was signed. If the Johnsons had been the first subscribers their promise would have constituted an offer until other subscriptions were made. When made the promises of subsequent subscribers would have rendered the Johnson promise effective from the time the subsequent subscriptions were made. Many subscriptions were in fact made after the Johnson subscription, and some of the subsequent subscribers were informed of the Johnson subscription.

If there had been no campaign for funds, and simply because of the Johnsons' interest in Christian education they alone had ex-

ecuted and delivered the instrument, the instrument would have become binding when, depending upon it, the college made expenditures and incurred liabilities for improvement of its facilities for Christian education. The principle is applicable to the subscription which the Johnsons did make.

Defendants contend that expenditures by the college could not make a pledge, designated as one for endowment, enforceable, and that such a pledge would be revocable at any time before payment. Adequate financial endowment renders unnecessary periodical crusades for money. With endowment assured, sufficient to sustain increased equipment, better facilities, and larger faculties, expenditures for those purposes are warranted, and if made, as in this case, the pledge may be enforced.

Defendants assert that the third condition of the instrument was void for uncertainty, and conclude the contract was without consideration. The conclusion is a *non sequitur*, but beyond that the provision did not relate to obligation to pay but to privilege respecting method of discharging obligation to pay. The privilege was not exercised and is not of present importance. However, the college had a fixed detailed annuity plan when the contract was signed. If payment had been made the college would have been under obligation to issue an annuity bond in accordance with its plan, and the court found, pursuant to stipulation regarding facts, that the bond would have been so issued.

The judgment of the district court is affirmed.