No. 33,020

THE SOUTHWESTERN COLLEGE OF WINFIELD, *Appellee,* v. HENRY L. HAWLEY, as Executor, etc., *Appellant.*

(62 P. 2d 850)

Opinion filed December 12, 1936.

H. V. *Howard* and *Tom Pringle,* both of Arkansas City, for the appellant.
S. C. *Bloss* and *Stewart S. Bloss,* both of Winfield, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This appeal involves the question whether a subscription to the endowment and sustentation funds of a college is enforceable by the college. A claim against the estate of the deceased subscriber was allowed by the probate court. The executor of the subscriber's will appealed to the district court. The claim was again allowed, and the executor again appeals.

The claimant was Southwestern College, of Winfield. The subscriber was Charles Lundstrom. The claim was based on the following instrument:

"FORM 4—ESTATE PLEDGE.

FORTIETH ANNIVERSARY ADVANCE

$1,340,000                                           $1,340,000

SOUTHWESTERN COLLEGE

DATED AT ARKANSAS CITY, Ks., 12/19/25.

"In consideration of the importance of Southwestern College as an institution of higher Christian learning, its need for endowment and sustentation, and in consideration of pledges being made by others for the same purposes, I hereby pledge and promise to pay to the Southwestern College, Winfield, Kansas, the sum of one thousand and no/100 dollars ($1,000), which sum shall become due upon my decease and shall be payable out of my estate.

This pledge shall bear no interest and shall be paid out of my interest in the west half of the southeast quarter of section nine, township thirty-five, range four, Cowley county, Ks.

(Signed) C. LUNDSTROM.

Witness: W. C. ROBINSON, Jr., Arkansas City, Kansas.
Witness: R. A. DADISMAN, Winfield, Kansas.

(Notation on Back)

"It is agreed by the Southwestern College that at any time the donor wishes to take up this pledge by the payment of cash it will [be] and is to him an annuity bond bearing interest at the rate of one half of one percent above his age at the time of issuing said bond.

SOUTHWESTERN COLLEGE,

By R. A. DADISMAN, *Field Secretary.*"

Lundstrom died December 12, 1933, approximately eight years after the instrument was executed. Meantime, the instrument was

in the possession of the president of the Security National Bank of Arkansas City.

Lundstrom left a will, made on December 7, 1933. The first item of the will directed payment by the executor of all just debts, dues and obligations. The second item devised and bequeathed to Henry L. Hawley all the testator's property, real, personal and mixed, wherever situated. The only real estate owned by the testator at the time of his death was that described in the so-called estate pledge. The third item of the will nominated Hawley as executor without bond. The will was duly probated, and Hawley was appointed executor. The testator left no widow, and the beneficiary under the will was the testator's stepson.

It is contended the subscription was testamentary in character and was revoked by the will. The testator knew how to make a will, and the other instrument shows on its face what Lundstrom intended it to be. It was not in form or content, or in legal effect, a will.

It is contended the estate pledge was without consideration. It was an instrument in writing and imported a consideration. (R. S. 16-107.) It recited considerations on which it was given. Want of consideration is an affirmative defense which must be established by the person pleading it. (R. S. 16-108.) As was said in the case of *Cotner College v. Hyland,* 133 Kan. 322, 299 Pac. 607, the last case in this court in which it was unsuccessfully sought to defeat a subscription contract, "There was not a scintilla of evidence to show that the recital in the instrument was not true." Besides that, there are promises which are enforced when they ought to be enforced.

Restatement, Contracts, § 90, reads:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

In this instance the estate pledge was solicited by the college in a campaign for funds. It appeared the college did rely on Lundstrom's promise to pay, in order to meet the specified needs, and of course it did. Without the testimony there was prima facie consideration for the promise.

In the brief for the executor it is said the district court erred in holding the subscription was a gift *inter vivos.* There is nothing to

indicate the court did so hold. The executor filed in the district court an amended answer to plaintiff's claim, alleging the subscription was void because it was a gift *inter vivos*. As indicated, the court allowed the claim. Since the instrument was supported by consideration, it substitutes colloquial for legal phraseology to call the instrument a gift, and the subject of gratuitous gifts *inter vivos* need not be discussed.

The instrument forming the basis of the claim in the probate court was not delivered directly to the college at the time of execution. It was delivered to the president of the bank. The terms of delivery were, "Hold for instructions of C. Lundstrom. In case of demise of Lundstrom, immediately deliver to Southwestern College." The effect of the deposit of the instrument with the president of the bank is to be determined according to the intention of the parties to the transaction. Giving the privilege of further instructions its broadest meaning, the intention was that Lundstrom could recall the instrument and do with it as he pleased. He could supersede it by deed of the land to the college, he could substitute another instrument increasing or diminishing the amount payable to the college, or he could destroy the paper, and end all obligation to the college. If, however, Lundstrom did nothing and left the instrument with the depositary until he died, it was then to be delivered to the college for performance of the promise, according to its tenor.

Lundstrom did nothing except to leave the instrument with the depositary until Lundstrom died.

There is no public policy which prevents the carrying out of such an arrangement. Public policy favors such arrangements for the benefit of churches, hospitals, colleges and other institutions maintained by contributions from charitably inclined persons, and the result is, the instrument was simply an escrow. It was to be held by the depositary for delivery to Lundstrom if he called for it, but if he did not call for it, for delivery to the college.

Generally, to constitute an escrow, the instrument must pass unconditionally from control of the depositor. This rule is not, however, so arbitrary and inflexible as to defeat the intention of parties engaged in worthy enterprises. The instrument was valid and effective all the time unless it was recalled. The condition which might have prevented delivery to the college never occurred, and at Lundstrom's death the instrument became deliverable to the college.

Whether, in view of the nature of the subscription and reliance on it by the college, Lundstrom's privilege to give further instruction to the depositary would be lost unless exercised within a reasonable time, need not be considered because the privilege was not exercised at all, and the instruction to deliver at Lundstrom's death became peremptory.

The authorities on the subject just considered are not uniform. It is not necessary to spend time in discriminating and discussing them. The conclusions which have been expressed are supported by what the court regards as the better decisions dealing with the most nearly identical situations. (See *Daggett v. Simonds,* 173 Mass. 340, 53 N. E. 907, and cases cited in the opinion.)

A contention that the proceeding for allowance of the claim was one to contest a will is not well founded.

The foregoing disposes of the objections to allowance of the claim made in the answer of the executor, and of all assignments of error touching the merits of the case.

The judgment of the district court is affirmed.