296    APPELLATE COURTS OF ILLINOIS.

United Masonic Temple Corporation v. Harris, 242 Ill. App. 296.

## United Masonic Temple Corporation, Appellee, v. Mandel H. Harris, Appellant.

### Gen. No. 31,056.

1. WORDS AND PHRASES—*debenture defined*. A debenture is a writing either creating or acknowledging a debt.

2. CONTRACTS—*validity of subscription to "participating debentures" in aid of corporate building project*. A subscription to two "participating debentures" of a corporation in aid of its purpose to erect and equip a building, and made in consideration of the subscriptions of others for the same purpose and of the undertaking of the corporation to make certain provisions for the payment of interest on such debentures and for the ultimate repayment of the principal, held a binding bilateral contract, not unenforcible for uncertainty or because failing to specify what proportion of the whole of such debentures the subscriber obligated himself to take.

3. CONTRACTS—*proof required to establish nonliability upon subscription to debentures in aid of corporate building project*. Where a subscription in aid of the purpose of a corporation to erect a building was conditioned upon the securing of sufficient subscriptions "to enable the construction of the building," and it was further agreed that if the necessary subscriptions were not obtained all payments made thereon would be returned less a pro rata share of the cost of the undertaking, the subscriber could not escape liability on the ground that sufficient subscriptions were not obtained without proof that the subscriptions obtained were insufficient and that the expense of the undertaking did not exceed the amount of his subscription.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the third division

of this court for the first district at the March term, 1926. Affirmed. Opinion filed November 17, 1926.

NATHAN SHEFNER, for appellant.

JOHN L. FOGLE, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On November 9, 1925, the plaintiff, United Masonic Temple Corporation, brought suit in the municipal court, against the defendant, Mandel H. Harris, on a subscription for two participating debentures, and obtained a judgment in the sum of $200. This appeal is therefrom.

The statement of claim recites that it is for moneys due and owing from the defendant to the plaintiff under and by virtue of an agreement in writing, executed by the defendant on February 21, 1924, and delivered to the plaintiff, whereby the defendant agreed to pay to the plaintiff the sum of $200. On November 30, 1925, the defendant filed his appearance and made a written demand for a trial by jury. On January 5, 1926, there was a trial before the court, with a jury, and at the close of all the evidence, the court instructed the jury to find the issues against the defendant, and assessed the plaintiff's damages at the sum of $200. A verdict was rendered accordingly, and judgment entered on the verdict.

The evidence shows that the defendant, on or about February 21, 1924, subscribed a document containing, in part, the following language: "For the purpose of financing, erecting, furnishing and equipping a new Masonic temple in Chicago in the downtown district, and in consideration of the subscriptions of others; I hereby subscribe for 2 participating debentures of the United Masonic Temple Corporation of Chicago, Illinois, in the aggregate sum of two hundred dollars,

and will pay for the same'' in five equal instalments, the last payable on February 15, 1925.

The document subscribed contained, also, the following:

''It is understood and agreed, that it is a condition of this subscription, that after the payment of all fixed and prior charges, including ground rent, taxes, insurance, maintenance, etc., from the net earnings of the corporation a reasonable sum (not less than one per cent (1%) of the amount of the debentures issued) shall be annually set aside as a sinking fund to retire said debentures, and the balance of the earnings of the corporation shall be annually distributed pro-rata as interest on said debentures. Interest at the rate of five per cent (5%) per annum, will be paid from the time each subscription is fully paid until the temple is ready for occupancy, and thereafter it is estimated that this interest will be five per cent (5%) per annum during the first few years of operation, and that after the retirement of a substantial portion of these debentures the rate of interest can and will be increased to six or seven per cent (6% or 7%) per annum.

''It is further understood and agreed, and it is a condition and consideration of this subscription, that upon the retirement of all indebtedness of the corporation, all the leases and property of the corporation shall be tendered to the Grand Lodge, A. F. & A. M. of the State of Illinois as its absolute property.

''It is further agreed that if sufficient subscriptions be not obtained to enable the construction of the building, all payments made on this subscription shall be returned less the pro-rata share of the expense of conducting the undertaking, said expense to be pro-rated over all subscriptions obtained.''

The defendant admits that he signed the subscription, but contends (1) that the phrase ''participating debentures'' is meaningless and not definable by law, (2) that the document he subscribed is too indefinite,

vague and uncertain to be enforcible, and (3) that he was not liable thereon, because the plaintiff failed to secure sufficient subscriptions "to enable the construction of the building in question."

(1) We do not think that the words, "I hereby subscribe for 2 participating debentures of the United Masonic Temple Corporation of Chicago, Illinois, in the aggregate sum of $200.00" are meaningless, or even uncertain. The word "debenture" is said "to signify a debt; an acknowledgment of a debt, in the nature of a bond or bill, etc.; a writing acknowledging a debt; a document which either creates a debt or acknowledges it; an instrument which shows that the party owes and is bound to pay; an instrument, generally under seal, for the repayment of money lent, usually if not exclusively used of obligations of corporations or large moneyed copartnerships, issued in a form convenient to be bought and sold as investments; an instrument importing an obligation or covenant to pay, in most cases at the present day accompanied by some charge or security, * * * an agreement by which a right in equity to a charge or security on personal chattels is conferred; an instrument in the nature of a mortgage, to secure a certain sum of money, with interest, to which coupons are attached, making the interest payable half yearly." 17 C. J. 1369. In the latter reference, it is said: "A debenture may be, and perhaps generally is, under the corporate seal, in which case it is called 'a debenture bond.' But an instrument need not be under seal to be a debenture; it may be a simple acknowledgment or promise to pay, like a promissory note." Jones, in his work on Corporate Bonds and Mortgages, section 32, says:

"Debentures, strictly so called, differ from mortgages in not conferring upon the grantees the legal title, or any of the ordinary rights of ownership of the property upon which a charge is created. They

are at most only equitable mortgages. The charge they create upon the property of the company confers only equitable rights, either as against other creditors or as against the corporation; and in fact the true test whether an instrument is a debenture or mortgage is found in the inquiry whether the holder has any legal right to interfere with the company's use or control of the property in whatever way it pleases. If the instrument confers a charge which can be protected and enforced only in equity, it is strictly a debenture.''

In *Edmonds v. Blaina Furnaces Co.,* 36 Ch. D. 215, the court said: ''And speaking of the numerous and various forms of instruments which have been called debentures without anyone being able to say the term is incorrectly used, I find that generally, if not always, the instrument imports an obligation or covenant to pay.''

Bearing in mind the foregoing definitions, when the defendant made this subscription for ''2 participating debentures of the United Masonic Temple Corporation of Chicago, Illinois, in the aggregate sum of $200.00,'' it must be presumed that he knew he would receive from the plaintiff certain documents showing that the corporation owed him $200, and that, after certain expenses of the corporation had been paid, if there was any money left, in the nature of a sinking fund, or otherwise, he would receive back the principal of $200, and meanwhile, interest at the rate of 5 per cent per annum; in other words, if the United Masonic Temple Corporation, in financing and erecting a new Masonic Temple became a successful going concern, he would ultimately be paid his principal, together with interest. There is no evidence that the phrase participating debentures was used as a ruse or as mysterious, fraudulent, high-sounding propaganda. The subscription document signed by the defendant is,

taken altogether, quite simple and explicit, and easily understood.

(2) and (3). It is urged that as the subscription does not specify what proportion of the whole of the stock, or of bonds, or of debentures, the defendant was to take, his subscription is void. That is not tenable. The evidence shows that the corporation was already organized, and that the subscription of the defendant was for a definite amount to be paid in accordance with the terms of the written subscription. The evidence shows that actual building operations began in October, 1924; that altogether there were approximately 15,000 subscriptions taken in; that the total amount subscribed in round figures was $2,247,000, and that about $1,700,000 has been paid in. The evidence, also, shows that at the time of the trial the building was in course of construction, the exterior being entirely done.

The defendant was to receive for this promise and payment two participating debentures as evidence of the obligation of the corporation. That made a binding bilateral contract; that is, there was a promise to pay on the part of the defendant, and a promise on the part of the corporation to deliver to him, upon payment, two participating debentures, as evidence of an assumed liability on the part of the corporation.

As to the contention that the defendant was not liable because the plaintiff failed to secure sufficient subscriptions ''to enable the construction of the building'' in question, we think it is sufficient answer to say that there is no evidence that sufficient subscriptions were not obtained ''to enable the construction of the building''; and, further, as the contract of subscription provides as follows: ''It is further agreed that if sufficient subscriptions be not obtained to enable the construction of the building, all payments made on this subscription shall be returned less the pro-rata share of the expense of conducting the undertak-

ing, said expense to be pro-rated over all subscriptions,'' there is not only no evidence to show that sufficient subscriptions were not obtained, but no evidence to show that the pro-rated share of the expense of conducting the undertaking did not require the whole of the defendant's subscription.

We think it is quite obvious, therefore, that the defendant, when he subscribed, willingly and knowingly bound himself, for a good consideration, to pay $200 to the plaintiff.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*

O'CONNOR and THOMSON, JJ., concur.