Stanley C. Eaton, Respondent, *v.* Bernard Reich, Appellant.

First Department, May 29, 1931.

*Harry A. Gordon,* for the appellant.

*Abraham Unger,* for the respondent.

Sherman, J. Plaintiff sues to recover as assignee of the Level Club, Inc., the amount of defendant's subscription to bonds of the building fund of the Level Club, Inc. (a membership corporation to which defendant belonged or was desirous of belonging), under an agreement, as follows:

" Subscription Agreement.

" subscription to building fund of the level club, inc.,

" 922 St. Nicholas Avenue, New York.

" The undersigned hereby subscribes for the number of 6% Gold Bonds of the Building Fund of the Level Club, Inc., indicated below, and does hereby agree to pay the Treasurer of the Building Fund of the Level Club, Inc., for said bonds at the rate of $100 per bond, in equal monthly installments.

" *It is hereby distinctly understood and agreed* that said bonds shall be used for the purpose of creating a fund to be known as the Building Fund of the Level Club, Inc., to obtain, construct, furnish and equip the New Building for said Level Club.

" Interest will be paid on each unit of $100 received.

" Name, Bernard Reich.                                No.

" Residence, 838 West End Avenue.

" Business Address, 40 St. and 7th Ave.

" Business Phone, Penn. 2800.    Home Phone, Riverside 0867.

" Number of Bonds Subscribed, 50.

" Amount Subscribed, $5,000.

" To be paid in 4 installments "

The complaint was held sufficient by this court (*Eaton* v. *Reich,* 229 App. Div. 864). At trial defendant conceded the plaintiff's proof to the effect that in reliance upon the subscription of the defendant, plaintiff's assignor had proceeded to procure subscriptions from other members of the club, and had constructed and equipped a building in New York city, of which it had possession and which had been used by the club and its members as a club house prior to the commencement of this action; that plaintiff and his assignor were ready, able and willing to tender and deliver to defendant upon receipt of the money due from him " the bonds for which he subscribed," and that though demand had been made upon him for the payment of his subscription, payment had been refused.

Defendant questions the interpretation to be given to the subscription agreement, contending that it supports only a cause of action for breach of an agreement to make a loan, and that, therefore, in the absence of plea and proof of special damages, merely nominal damages are recoverable. The case turns upon the true meaning of that instrument. We hold that it is free from obscurity and that the intent of the parties is manifest. It contemplated that in reliance upon defendant's subscription, and similar subscriptions of actual and prospective members, there would be created a building fund to build and equip the new building for the club. That is what the plaintiff's assignor engaged to do and did. There is no dispute as to performance on the part of plaintiff or his assignor. Upon the trial, defendant's counsel expressly conceded that there was consideration on the part of the Level Club for defendant's promise.

The Level Club was to do something more than merely receive money. It relied upon defendant's promise, and like concurrent promises of other subscribers, in engaging to construct and in actually constructing the new building. The fact that defendant is to receive bonds in the amount subscribed does not affect his liability to make payment as a subscriber, nor relieve him from his engagement to pay the moneys mentioned in the subscription agreement. Upon somewhat similar agreements, the subscriber was held liable for the amount of his subscription in *United Masonic Temple* v. *Harris* (242 Ill. App. 296) and *American Legion* v. *Thompson* (121 Kan. 124). Where, as here, all the elements of a binding contract are present, the signer of a subscription agreement is clearly liable for the amount of his subscription and cannot successfully assert that his undertaking was merely to lend money. (*Allegheny College* v. *National Chautauqua County Bank,* 246 N. Y. 369; *Keuka College* v. *Ray,* 167 id. 96.)

In *Eaton* v. *Danziger* (138 Misc. 290) — relied on by appellant — the court fell into the error of treating a like agreement merely as a contract to lend money, and failed to attach proper significance to the engagement of the club to erect the building.

The judgment should be affirmed, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment affirmed, with costs.