MORIAL, Judge.
Defendant, a Louisiana non-profit corporation, in aid of financing the construction and equipping of a building for the use and enjoyment of its members devised a plan whereby a member would purchase a “25 Year Debenture Note.” Plaintiff, as a member purchased an instrument complete on its face which was delivered to him and read as follows:
“VISTA SHORES CLUB
New Orleans, Louisiana
25-Year Debenture Note
(8% per annum interest from maturity)
“VISTA SHORES CLUB, a Louisiana non-profit corporation, herein called the Corporation, for value received, hereby promises to pay Judge Oliver P. Schuling-kamp or order, the sum of $1,250 on or before April 15, 1985, with 8% per annum interest from maturity. The principal shall be payable at the office of the Corporation in New Orleans, Louisiana.
“This note is one of an issue known as 25-year debenture notes, duly authorized, in the aggregate principal amount of $375,000.00 and issued in denominations of $1,250, all of like date, tenor and maturity, exept the variations necessary to express the name of the payee and the number of each note.
“The Corporation reserves the right to pay all or any portion of the principal amount of this note at any time without making a similar payment or a pro rata payment upon any other note included in this issue of 25-year debenture notes.
“No recourse shall be had for payment of any part of the principal of this note against any incorporator, officer, director or any present or future member of this Corporation by virtue of any law, or by the enforcement of any assessment, or other *909 wise or against any officer or director of the Corporation by reason of any matter prior to the delivery of this note, or against any present or future officer or director of the Corporation, all such liability being, by the acceptance hereof and as a part of the consideration for the issue hereof, expressly released.
“In witness whereof the Corporation has signed and sealed this note on April 15, 1960.
VISTA SHORES CLUB
Attest:
/s/ Ted Drell_
Secretary
By /s/ John M, Key_
President "
Plaintiff resigned his membership on February 24, 1966. He demanded the return of the face value of the “debenture note.” Defendant refused and plaintiff filed this suit. The district court dismissed plaintiff’s suit. We affirm.
Plaintiff argues that the face value of the “debenture note” should be returned to him prior to maturity because (1) the membership in the defendant was increased from 500 to 600 and these additional members were admitted to membership in defendant without the requirement to purchase such a “debenture note” and thereby the negotiability of his “debenture note” was destroyed and his proportionate undivided ownership of the defendant was reduced; and (2) new members have benefited and been unjustly enriched at his expense. The arguments are without merit.
It is well settled that the term applied to an instrument does not necessarily determine its character. The instrument sued upon creates and acknowledges a debt; it is a simple acknowledgment or promise to pay like a promissory note. It confers no legal title or any ordinary right of ownership; except to the extent that plaintiff, as a member of the corporation, had a voice in the affairs of defendant, it grants him no legal right to interfere with the defendant’s control or use of its property. See: Carson, Pirie, Scott & Co. v. Duffy-Powers, Inc., 9 F.Supp. 199, 201 (D.C.1934); United Masonic Temple Corp. v. Harris, 242 Ill.App. 296 (1926); Lorimer v. McGreevy, 229 Mo.App. 970, 84 S.W.2d 667 (1935). The instrument is in the form required for it to be negotiable. LSA-R.S. 7:1. The lack of “marketability” does not adversely affect its character as a negotiable instrument. It was negotiable in its origin and continues to be so. LSA-R.S. 7:47. In no part of the preorganization documents is there anything to indicate that the instrument is of a character differently than we have described it, i. e., an unconditional promise to pay a debt in a fixed amount.
To the preorganization documents we look to ascertain the intent of the parties. While intent would not necessarily be controlling, the intent here seems clear and unambiguous. Our examination of the preorganization documents reveals no conflict with the denomination, date, tenor, maturity or rate of interest set forth in plaintiff’s “25-Year Debenture Note.” Though the preorganization data discloses that defendant hoped for a membership of 500, the “debenture” issued to plaintiff, clearly manifests it to be one of an aggregate issue of 300. Therefore, plaintiff, who voluntarily became a member of defendant and purchased the “debenture” has no cause now to complain of any increase in the membership.
New members of defendant or defendant have not been unjustly enriched by plaintiff’s loan of money to defendant which is evidenced by defendant’s obligation in the form of plaintiff’s “25 Year Debenture Note.” The provisions of LSA-R.C.C. Art. 1965 are inapplicable to the agreement clearly voiced by the parties in the terms of the “25 Year Debenture Note.”
Affirmed.