MILTON BAND, executor, *vs.* MILFORD D. DAVIS.

Suffolk.    October 6, 7, 1949. — November 9, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, For support, Performance and breach, Escrow agreement.
    *Escrow.  Agency*, Termination of agency, Escrow. *Deed*, In escrow.
    *Probate Court*, Appeal, Report of evidence.

In a case involving an agreement respecting "support and maintenance"
    by one party of another during the latter's lifetime, a finding that the
    first party "continued to care for . . . [the second party] according
    to the fullest terms of the arrangement between them until" the
    second party's death was in effect a finding that the first party did all
    that was required of him by the agreement.
Death of the grantor before delivery to the grantee of a deed, which had
    been placed in the possession of a third person under an agreement
    that he should deliver it to the grantee upon the fulfillment of a stated
    condition, did not revoke the authority to deliver it upon the condition
    being fulfilled.
Inclusion, in the record of an appeal to this court from a decree of a Pro-
    bate Court on a petition in equity, of a portion only of the evidence
    before the trial judge did not enable this court to consider such evi-
    dence as a basis for amplifying the findings contained in a report of
    material facts.

PETITION, filed in the Probate Court for the county of
Suffolk on December 15, 1947.

The case was heard by *Dillon*, J.

*M. Band*, (*J. W. Schenck* with him,) for the petitioner.

*H. J. Goldberg*, (*L. H. Goldberg* with him,) for the re-
spondent.

SPALDING, J.    This is a petition in equity brought in the
Probate Court by the executor [1] under the will of Albert
DeLeon for the purpose of having certain instruments
transferring real and personal property from DeLeon to the

---

[1] The petition was originally brought by the special administrator of
DeLeon's estate, and subsequently the petition was amended so as to permit
the executor to become a party and to prosecute the suit.

respondent declared null and void.   The petition alleges
that the instruments were obtained from DeLeon by means
of fraudulent conduct on the part of the respondent; that
no consideration was given by the respondent for the real
estate; and that DeLeon "by reason of his advanced age
and his mental and physical condition was unable to under-
stand the nature and quality of his acts."   Pursuant to a
request by the petitioner under G. L. (Ter. Ed.) c. 215, § 11,
the judge made a report of the material facts.   The evidence
is not reported.

Pertinent findings are as follows: Albert DeLeon died
testate on November 20, 1947, leaving no heirs or next of
kin.   DeLeon owned a parcel of real estate at 54 Worcester
Street, Boston, which he operated as a lodging house.   In
the spring of 1947 DeLeon became ill, and in May, 1947,
Pearl Jennings, whom the respondent had introduced to
DeLeon, went to live in DeLeon's home and cared for him
(under an agreement which need not concern us) until
October 7, 1947, when due to illness she was obliged to quit.
The respondent then went to live with DeLeon and took
care of him until his death.   This was done under the fol-
lowing arrangement: DeLeon executed a deed of his real
estate naming the respondent as grantee.   The respondent
executed a deed of the same property naming DeLeon as
grantee.   DeLeon also executed a bill of sale transferring to
the respondent all the personal property located at 54
Worcester Street.   All of these instruments were dated No-
vember 14, 1947, and were delivered to one Cropp who acted
for both parties.   At the same time the parties entered into
an escrow agreement which provided that, if the respond-
ent continued "the support and maintenance" of DeLeon
until the latter's death, the deed running from the respond-
ent to DeLeon was to be returned to the respondent.   It
also provided that if the respondent "failed in maintaining
. . . DeLeon during his lifetime after a complaint has been
made by . . . DeLeon of . . . [the respondent's] failure so
to do and determined by three disinterested parties chosen
for the purpose" the deed was to be delivered to DeLeon.

"The respondent continued to care for . . . [DeLeon] according to the fullest terms of the arrangement between them" until DeLeon's death. DeLeon was in "full possession of his mental faculties during the period in which the various agreements and instruments referred to in this report . . . were entered into and executed." The respondent "did not exercise fraud or deceit upon . . . [DeLeon] nor in any way attempt to coerce him." All of the instruments delivered to Cropp remained in his possession in his capacity as agent for both parties until the death of DeLeon, at which time the deed from DeLeon to the respondent and the bill of sale were turned over to the respondent who then recorded the deed.

A decree was entered adjudicating that the deed and the bill of sale from DeLeon to the respondent were valid. The petitioner appealed.

There being no report of the evidence, the facts reported by the judge must be taken as true, unless inconsistent with other facts found or with the pleadings. The question, then, is whether the facts found support the decree. *Turner* v. *Morson,* 316 Mass. 678, 681. We are of opinion that they do. The contention of the petitioner that the findings of the judge establish that the respondent merely cared for DeLeon but did not support and maintain him, as the agreement provided, is without merit. We think the finding of the judge that the respondent "continued to care for . . . [DeLeon] according to the fullest terms of the arrangement between them until . . . [DeLeon] died" was in effect a finding that the respondent did all that he was required to do under the agreement.

There is nothing in the petitioner's contention that the death of DeLeon terminated Cropp's authority to act so that the purported delivery of the deed by him to the respondent after DeLeon's death was of no effect. The petitioner invokes the familiar rule of law that the death of the principal terminates the authority of the agent to act. See Restatement: Agency, § 120; *Brown* v. *Cushman,* 173 Mass. 368, 372–373; *Barrett* v. *Towne,* 196 Mass. 487,

489; *Lewis* v. *Commissioner of Banks*, 286 Mass. 570, 574. That principle has no application here. It is settled that where the grantor delivers an instrument to a third person in escrow with instructions that it is to be delivered to the grantee named therein upon the happening of a certain condition, the death of the grantor does not revoke the authority of the third person to deliver the instrument to the grantee upon the happening of the condition. The second delivery is treated as relating back and taking effect as of the time of the first delivery. *Hatch* v. *Hatch*, 9 Mass. 307. *Foster* v. *Mansfield*, 3 Met. 412. *Daggett* v. *Simonds*, 173 Mass. 340, 347. *Stockwell* v. *Shalit*, 204 Mass. 270, 273. *Browne* v. *Fairhall*, 213 Mass. 290, 295. See note 52 A. L. R. 1222. Here the conditions on which the instruments were delivered to Cropp were fulfilled and he rightly delivered them to the respondent.

Precluded by the judge's findings from challenging the decree on the grounds on which the petition was framed, namely, fraud, lack of consideration, and mental capacity, the petitioner now seeks to attack the decree on another ground. The petitioner now argues that Cropp was under a duty, when the instruments were delivered to him, to place a new mortgage on the property in lieu of those which were then on it, and that this was never done. Consequently, it is argued, one of the conditions of the escrow agreement was not fulfilled and Cropp had no authority to deliver the deed and bill of sale to the respondent. This point might be disposed of on the ground that this issue is not open under the pleadings, but we prefer to rest our decision on other grounds. There is nothing properly before us in this record which shows that Cropp or anyone else was under any obligation with respect to placing a new mortgage on the property. The case, as we have said, comes here only on a report of material facts. There is nothing in the report of material facts that touches upon the alleged arrangement for refinancing the mortgages. It is true that the judge at the request of the petitioner undertook to summarize in narrative form the testimony of three wit-

nesses, Cropp, Budding and Sharmat, and this summary, which bears to some extent on this issue, is printed in the record. But the inclusion of this testimony in the record did not have the effect of bringing the case here on the evidence. That testimony was merely a portion of the entire evidence. It is settled by our decisions that equity and probate appeals cannot be brought here on portions of the evidence. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Gordon* v. *Guernsey*, 316 Mass. 106, 108, and cases cited. Where such appeals come here on the evidence the record must contain all of it. There are sound reasons for so holding. When a case comes here on the evidence "all questions of law, fact and discretion are open for our decision. From the evidence we can find facts not expressly found by the judge. If convinced that he was plainly wrong, we can find facts contrary to his findings." *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178. Obviously such broad powers of review ought not to be exercised to reverse or to qualify or to add to the findings made by the trial judge upon all of the evidence when only a portion of it is before us. The testimony in question is not properly a part of the record and cannot be considered by us. *Gordon* v. *Guernsey*, 316 Mass. 106, 108. We might add that, even if this testimony were properly before us and were to be taken at its face value, it would fall far short of establishing the facts on which the petitioner's contention is based.

*Decree affirmed.*