MARY LEIGHTON, Respondent, *v.* JOSEPH A. ROPER, as Administrator of the Estate of J. V. ALLEN, Deceased, Appellant, et al., Defendants.

Argued January 5, 1950; decided April 13, 1950.

*Melvin H. Zurett* for appellant. Special Term erred in holding that the service of process on the nonresident administrator was valid. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Helme* v. *Buckelew,* 229 N. Y. 363; *McMaster* v. *Gould,* 240 N. Y. 379; *Rogers* v. *Gould,* 210 App. Div. 15, 240 N. Y. 564; *Thorburn* v. *Gates,* 225 F. 613; *Hess* v. *Pawloski,* 274 U. S. 352; *Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160; *Thompson* v. *Whitman,* 18 Wall. [U. S.] 457; *Williams* v. *North Carolina,* 325 U. S. 226; *Toronto Gen. Trust Co.* v. *Chicago, B. & Q. R. R. Co.,* 123 N. Y. 37; *Vecchione* v. *Palmer,* 249 App. Div. 661; *Home Ins. Co.* v. *Dick,* 281 U. S. 397.)

*Willard E. Perlee* for respondent. Section 52 of the New York Vehicle and Traffic Law is a constitutional exercise of the police power of New York State. (*Hess* v. *Pawloski,* 274 U. S. 352; *Wuchter* v. *Pizutti,* 276 U. S. 13; *Shushereba* v. *Ames,* 255 N. Y. 490; *Thorburn* v. *Gates,* 103 Misc. 292, 184 App. Div. 443; *Blake* v. *McClung,* 172 U. S. 239; *Morris* v. *Jones,* 329 U. S. 545; *Milliken* v. *Meyer,* 311 U. S. 457; *Fauntleroy* v. *Lum,* 210 U. S. 230.)

FROESSEL, J. This appeal presents for our consideration the validity of chapter 719 of the Laws of 1945, amending section 52 of the Vehicle and Traffic Law of this State and authorizing

service of process on, and the continuation of a pending action against, the legal representative of a deceased nonresident motorist, when the action arises out of an accident occurring in this State, based on the nonresident's implied consent to the irrevocable appointment of the Secretary of State as his agent for the receipt of service of process.

On February 16, 1946, two automobiles collided on Route 104, a New York State highway. Plaintiff, a resident of this State, was a passenger in one of the motor vehicles and was seriously injured. The operator and owner of the other automobile, to which a trailer was attached, was one J. V. Allen, a resident of Indiana. Allen died, and defendant Joseph A. Roper was appointed administrator of his estate by a probate court of Indiana. Thereafter, plaintiff instituted this action for damages, charging Allen with negligence in said action. Such are the allegations in plaintiff's amended complaint.

The summons and complaint herein were served on defendant Roper, as administrator, in the manner authorized by section 52 of the Vehicle and Traffic Law, as amended. The defendant administrator thereupon appeared specially, and moved to vacate such service and to dismiss the complaint. It was stipulated by the attorneys that the estate had no assets in our State except such, if any, as may be represented by a policy of liability insurance covering intestate's automobile, issued by a foreign insurance company not licensed to do business in this State. No personal representative of decedent's estate has been appointed in this State.

The service on the administrator has been held valid in the courts below, and the question certified to us on this appeal is: "Was the order of the Special Term properly made?"

Defendant-appellant takes the position that as a nonresident administrator he has constitutional immunity from suit in the courts of this State. Since there is no contention that the service as made was not in accordance with the statutory procedure, he is obliged to contend that this amendment to the statute is invalid in order to obtain a dismissal of the action.

The applicable statute, section 52 of the Vehicle and Traffic Law, as amended in 1945 (L. 1945, ch. 719), so far as pertinent here, provides as follows: " A nonresident operator or owner of a motor vehicle or motor cycle which is involved in an accident

or collision in this state shall be deemed to have consented that the appointment of the secretary of state as his true and lawful attorney for the receipt of service of process pursuant to the provisions of this section shall be irrevocable and binding upon his executor or administrator. Where the nonresident motorist has died prior to the commencement of an action brought pursuant to this section, service of process shall be made on the executor or administrator of such nonresident motorist in the same manner and on the same notice as is provided in the case of a nonresident motorist. Where an action has been duly commenced under the provisions of this section by service upon a defendant who dies thereafter, the court must allow the action to be continued against his executor or administrator upon motion with such notice as the court deems proper.''

It is well settled, by the common law of New York, that a foreign representative generally has no standing in our courts, as such, and may neither sue nor be sued (*Wiener* v. *Specific Pharmaceuticals, Inc.,* 298 N. Y. 346; *McMaster* v. *Gould,* 240 N. Y. 379; *Rogers* v. *Gould,* 210 App. Div. 15, affd. 240 N. Y. 564; *Helme* v. *Buckelew,* 229 N. Y. 363; *Hopper* v. *Hopper,* 125 N. Y. 400). The rule has its exceptions, under which our courts have taken jurisdiction over foreign representatives (*Kirkbride* v. *Van Note,* 275 N. Y. 244; *Helme* v. *Buckelew, supra,* p. 367; *Holmes* v. *Camp,* 219 N. Y. 359, 372; *Logan* v. *Greenwich Trust Co.,* 144 App. Div. 372, affd. on opinion below 203 N. Y. 611; *De Coppet* v. *Cone,* 199 N. Y. 56; *Bergmann* v. *Lord,* 194 N. Y. 70; *Hopper* v. *Hopper, supra; Lisle* v. *Palmer,* 29 N. Y. S. 2d 975, affd. 263 App. Div. 720; *Thorburn* v. *Gates,* 103 Misc. 292, affd. 184 App. Div. 443).

It has been said that the common-law exceptions were limited to cases where a failure of justice would follow if equity withheld relief; either the foreign representative, by a devastavit or other tort, had put himself in the position of an individual wrongdoer, or there was a *res* within the jurisdiction to be disposed of or preserved (*Helme* v. *Buckelew, supra,* p. 368). It should be noted, however, that there are other exceptional cases, such as *Kirkbride* v. *Van Note* (*supra*) and cases cited therein. Thus, in the *Kirkbride* case a foreign administrator was allowed to be substituted as a defendant in a matrimonial action in New York, in order that he might obtain a

modification of the alimony provisions of the decree. There were no assets of the decedent in New York, nor was there any statutory authorization for this procedure, but the court allowed it solely " as a matter of comity ". (P. 250.)

A previous statutory effort was made to render foreign representatives amenable to our jurisdiction, without any limitation, however. That was contained in section 1836-a of the Code of Civil Procedure (later Decedent Estate Law, § 160), and endured from 1911 to 1926, when the statute was repealed. It was there provided that a foreign executor or administrator " may sue or be sued in any court in this state in his capacity of executor or administrator in like manner and under like restrictions as a nonresident ". That statute was held by us to remove disabilities, but not immunities, and to authorize service on the foreign representative, as theretofore, only where there were assets in this State subject to administration or distribution here (*Helme* v. *Buckelew, supra*). We pointed out (p. 373) that to hold foreign representatives " subject *generally* [emphasis supplied] to actions *in personam,* would involve us " in problems of constitutional power.

Thereafter we had before us the 1925 amendment to section 160 of the Decedent Estate Law, which purported to authorize the *continuance* of suits against the foreign executor or administrator of deceased defendants. We noted that the statute had for its purpose the revival of suits for a judgment in personam " without restriction or qualification " and, on the authority of *Pennoyer* v. *Neff* (95 U. S. 714, 733) held such attempt invalid, saying (*McMaster* v. *Gould, supra,* at p. 388): " the constitutional requirement of due process of law precludes the Legislature from providing *generally* [emphasis supplied] for continuing actions for judgments *in personam* against the foreign executors or administrators of deceased defendants."

The above-mentioned cases simply stand for the general proposition that service on a foreign executor or administrator within this State does not confer jurisdiction unless there are assets of the estate within this State subject to our control, and a statute which seeks to subject a foreign representative " generally " or " without restriction or qualification " to a judgment in personam is bad. This is so because the mere physical presence of the foreign representative does not mean that he is

within this State *in his official capacity.* If we take into account this dual personality, we find that the rule set forth in these cases as to foreign executors and administrators is really no different from the rule applicable to ordinary nonresidents (*Pennoyer* v. *Neff, supra*).

It is particularly significant that the question of waiver or consent by the foreign executor or administrator of the decedent was not actually involved in those cases. Indeed, Judge CARDOZO, writing for the court in the *Helme* case (*supra*) noted in passing (at p. 367) : " According to some decisions, an executor or administrator might submit to the jurisdiction of the foreign courts, and the judgment would then bind him everywhere (*Lawrence* v. *Nelson,* 143 U. S. 215, 222; *Chicago Life Ins. Co.* v. *Cherry,* 244 U. S. 25, 29  *  *  *)." It is also clear from the foregoing cases, as well as those cited by appellant, that it has never been the law of this State that a foreign executor or administrator is constitutionally immune from suit here, where jurisdiction over such executor or administrator has been obtained, predicated upon a valid consent.

The argument against the validity of jurisdiction by waiver or consent is that a foreign court which attempts to take jurisdiction over the representative, without having in its control some *res* on which to act, is necessarily exceeding its lawful power, and is attempting to interfere with the home State's administration of the estate. Yet it has been recognized that consent jurisdiction is good in the Federal courts (*Helme* v. *Buckelew, supra,* p. 367, citing *Lawrence* v. *Nelson,* 143 U. S. 215; see, also, 3 Beale, Conflict of Laws, § 513.1). Furthermore, the Supreme Court of the United States has often reaffirmed the power of the Federal courts to take jurisdiction over executors and administrators without regard to the provisions of State statutes (*Markham* v. *Allen,* 326 U. S. 490, 494; *Blacker* v. *Thatcher,* 145 F. 2d 255, certiorari denied 324 U. S. 848; *Pufahl* v. *Parks,* 299 U. S. 217; *Waterman* v. *Canal-Louisiana Bank & Trust Co.,* 215 U. S. 33; *Security Trust Co.* v. *Black Riv. Nat. Bank,* 187 U. S. 211; *Lawrence* v. *Nelson, supra*). At the same time, it has been conceded that any judgment obtained is merely an adjudication of a right, enforcible only in the State court having control over the administration, as the Federal courts *have no power to interfere with the State court's posses-*

*sion or control over the res.* These decisions have been based upon the constitutional grant of equity jurisdiction to the Federal courts, and its exercise in diversity cases, but the conclusion is inescapable that the exercise of such jurisdiction, in the admitted absence of jurisdiction of the *res,* imports recognition of the executor or administrator in an in personam sense. That the adjudication of a right in a *res* not in the possession of the court does not constitute interference therewith is a principle also applied in other classes of cases (*United States* v. *Klein,* 303 U. S. 276, 281).

Granting, then, that an action against an executor or administrator is not one purely in rem, and may therefore be founded on consent jurisdiction, we arrive at the question, has the appellant consented to be sued here? Of course *he* has not, but, by virtue of the statute now before us, his intestate has consented to the statutory agency for the receipt of process, and has made that consent binding upon this administrator. He signified that consent when he drove his automobile into this State, and it was indisputably binding upon him, personally (*Hess* v. *Pawloski,* 274 U. S. 352; *Wuchter* v. *Pizzutti,* 276 U. S. 13, 18; *Shushereba* v. *Ames,* 255 N. Y. 490). In the *Hess* case (*supra*), after reasserting the rule set forth in *Pennoyer* v. *Neff* (*supra*), the court said (pp. 356–357): "In the public interest the State may make and enforce regulations reasonably calculated to promote care on the part of all, residents and non-residents alike, who use its highways. * * * The State's power to regulate the use of its highways extends to their use by non-residents as well as by residents. *Hendrick* v. *Maryland,* 235 U. S. 610, 622. And, in advance of the operation of a motor vehicle on its highway by a non-resident, the State may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. *Kane* v. *New Jersey,* 242 U. S. 160, 167. That case recognizes power of the State to exclude a non-resident until the formal appointment is made. And, having the power so to exclude, the State may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served. Cf. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining Co.,* [243 U. S. 93] *supra,* 96; *Lafayette Ins. Co.* v. *French,* 18 How. 404, 407–408. The difference between the

formal and implied appointment is not substantial so far as concerns the application of the due process clause of the Fourteenth Amendment."

In *McMaster* v. *Gould* (*supra*), the general rule was followed on the authority of *Pennoyer* v. *Neff* (*supra*, p. 733), which held that "proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law." The fiduciary, whose estate had no *res* in our jurisdiction, was in the same position as a nonresident who had no property to be attached in this State, and could not be personally served herein. But under *Hess* v. *Pawloski* (*supra*), such a defendant may now be served in the particular situation and in the manner provided in section 52 of the Vehicle and Traffic Law. It would seem to follow logically that his representative may likewise be served as provided by statute, without violating the rule of due process.

It is urged that the decedent's designation of the Secretary of State was not binding because the agency created by the statute terminates on the death of the principal. But this is to ignore not only the fact that it was an agency created, not for the benefit of the principal, but for the benefit of third persons (Restatement, Agency, §§ 120, 139), as well as the State, in the orderly regulation of its highways, and the additional fact that the Legislature has seen fit to make the agency irrevocable, thus annulling any common-law rule to the contrary (*Oviatt* v. *Garretson*, 205 Ark. 792, upholding a similar statute). The Legislature has enacted the statute under consideration in the exercise of its police power, utilized for a purpose and in an area most appropriate for such legislation (*Hess* v. *Pawloski*, *supra*). Moreover, it was limited to a delictual action arising out of defendant's entry upon the State's highways and operating his motor vehicle thereon, and, "since the more serious the accident in which the nonresident was involved, the more likely it will be that death will have resulted," it is obvious that section 52 of the Vehicle and Traffic Law (prior to the 1945 amendment) authorizing service of process on the nonresident would be rendered ineffective by his subsequent death. (See Tenth Annual Report of N. Y. Judicial Council, 1944, p. 253.)

A State may not exercise jurisdiction and authority over persons without its territory (*Pennoyer* v. *Neff*, *supra*), but

every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory, and has unquestioned police power with respect to its highways. When decedent came upon the highways of this State with his automobile, *he subjected himself to our jurisdiction, and consented, while here,* irrevocably to bind his legal representative in an action arising out of any accident in this State in which his automobile was involved.

The statute is narrowly drawn to fit the need, provides all the procedural safeguards required for due process of law, and is applicable only to a cause of action arising in this State. Whatever may be said about the use of such a procedure in other situations, or " generally, without restriction or qualification " where it might be argued that it would constitute an unjustifiable impingement upon the sovereignty of other States, is therefore inapplicable here.

Much has been said in favor of the immunity of foreign representatives in order to provide a system of orderly administration of estates, but the concept of jurisdiction over a decedent's estate in the field of estate law must yield in this case to the exercise by New York of its police power in a field undeniably its own, in the limited respect provided by section 52.

What effect the Indiana courts will be required to give any judgment rendered in this action under the " full faith and credit " clause of the Federal Constitution, we need not now consider. In this State, a judgment against an executor or administrator is " not a judgment in the ordinary connotation of the term ". (*Matter of Van Nostrand,* 177 Misc. 1, 7; 2 Butler on New York Surrogate Law and Practice, § 1636; see, also, *Matter of Kvetkoff,* 277 N. Y. 289.) And so, in enforcing any right adjudicated here against the estate, the plaintiff must employ the procedure made appropriate by the law of Indiana (*Pufahl* v. *Parks, supra,* p. 226). Even at common law, we held that a judgment obtained by a nonresident against an ancillary executrix, unenforcible here for lack of assets available to satisfy it, might nevertheless be effective for some purposes as, for example, the Statute of Limitations (*Hopper* v. *Hopper, supra,* pp. 405–406); and where the liability of the decedent is payable by an insurer or an indemnitor, an estate

may never be called upon to pay the judgment that may be rendered.

With the cause of action arising here; an irrevocable consent made expressly binding by statute on the decedent's legal representative for the benefit of third persons, whose interests are adverse to decedent, in consideration of the privilege, without requiring a license, of using our highways, which privilege the State might otherwise have denied him; with procedural safeguards required for due process, and limited to such a situation only; we conclude that the statute challenged is a valid exercise of police power, and is not in conflict with the requirements of due process.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and FULD, JJ., concur; DYE, J., taking no part.

Order affirmed, etc.