ARTHUR A. SONDHEIM, executor, *vs.* MARGARET G. M. FENTON & others.

Suffolk. April 4, 1950. — May 5, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Real Property*, Tenancy by the entirety, Sale. *Tenants by the Entirety. Sale*, Of real estate.

A deed of real estate, fully executed by a husband and his wife as tenants by the entirety and left in the possession of their attorney pending payment of the full purchase price by the grantee, where there was no evidence that there was delivery of the deed to the attorney as an

escrow or that he was acting in any way for the grantee, became the deed of the wife alone on the death of the husband while it was still in the possession of the attorney, and the purchase price thereafter paid to the attorney upon delivery of the deed in consummation of the sale became the sole property of the wife.

PETITION in equity, filed in the Probate Court for the county of Suffolk on August 23, 1948.

The case was heard by *Mahoney*, J.

*J. M. Graham*, stated the case.

*W. Kopans*, for the appellant Margaret G. M. Fenton.

*J. H. Burke, Jr.*, for Joseph L. Fenton and another.

*J. F. Cremens*, for Archibald C. Fenton.

*J. P. Healey*, (*A. A. Caffrey* with him,) for Edward Fenton.

*F. E. Kelly & G. J. Barry*, for Francis X. Fenton, submitted a brief.

LUMMUS, J. This is a petition to the Probate Court, filed August 23, 1948, by Arthur A. Sondheim, executor of the will of James A. Fenton, late of Boston, praying for a determination of his rights to a deposit of $5,253.33 in The First National Bank of Boston, and to the proceeds of the sale of real estate in Boston, which stood in the names of James A. Fenton and Margaret G. M. Fenton as tenants by the entirety, amounting to $20,602.76. A decree was entered on September 28, 1949, declaring that the deposit is the sole property of Margaret G. M. Fenton, and that the proceeds of the sale of the real estate are an asset of the estate of the deceased James A. Fenton. Margaret G. M. Fenton appealed. Since no other party appealed, the question before us concerns only the proceeds of the sale of the real estate.

The evidence showed that on September 17, 1947, the Fentons owned the stock of a corporation called Toll Gate, Inc., and the real estate occupied thereby as tenants by the entirety. On that day they entered into an agreement with one Burchill and his wife to sell them the shares for $25,000 and the real estate for $25,000. The Burchills paid a deposit of $5,000, which was deposited in The First National

Bank of Boston in the names of "James A. Fenton or Margaret G. Fenton with right of survivorship."

On October 1, 1947, the Fentons and the Burchills met in the office of Mr. Sondheim to carry out the sale, but the Burchills had only $19,000 of the price, which they paid in cash. The deed had been drawn and executed. At 6:30 in the morning of October 2, 1947, James A. Fenton died, leaving his estate by will to be divided, one third to Margaret G. M. Fenton, and the remaining two thirds in equal shares to his sons Joseph, Archibald, Herbert, Edward, and Francis.

Later in the morning of October 2, 1947, pursuant to an appointment which had been made on the preceding day, the Burchills called at the office of Mr. Sondheim, paid the remainder of the price, and received the certificates of stock with a transfer thereof, and also the deed, which was signed by both the Fentons as tenants by the entirety.

There was no evidence that the Fentons delivered the deed to Mr. Sondheim in escrow. He was at all times the attorney for the Fentons. He never assumed any responsibility to the Burchills. *Hale* v. *Joslin,* 134 Mass. 310. *Daggett* v. *Simonds,* 173 Mass. 340. *Smith* v. *Thayer,* 234 Mass. 214. *Landry* v. *Landry,* 265 Mass. 265. *Band* v. *Davis,* 325 Mass. 18. Neither was there any equitable conversion whereby the real estate is deemed to have belonged to the Burchills before the death of James A. Fenton. There was no duty on the part of the Fentons to convey until the price should be paid in full. See *Cohasset Water Co.* v. *Cohasset,* 321 Mass. 137, 146; *Baker* v. *Commissioner of Corporations & Taxation,* 253 Mass. 130.

We think that at the moment when James A. Fenton died his right died with him, and the real estate became the sole property of his wife. *Licker* v. *Gluskin,* 265 Mass. 403. Her signature on the deed, and not his, made it effective to convey title, and she is entitled to the whole of the proceeds.

The decree of September 28, 1949, is reversed, and a new decree is to be entered, adjudging that the respondent Margaret G. M. Fenton is entitled to both the deposit in The First National Bank of Boston and the proceeds of the

sale of the real estate. Costs and expenses of the appeal are to be in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 215, § 45. *Greene* v. *Cronin*, 314 Mass. 336, 345.

*So ordered.*