Ned S. WILLIAMS, etc., et al., Appellants,

v.

CARTER BROTHERS COMPANY, Inc.,
et al., Appellees.

Court of Appeals of Kentucky.

Feb. 26, 1965.

Rehearing Denied July 2, 1965.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

Roy E. Tooms, Jr., Brown, Tooms & Helton, London, for appellee.

J. PAUL KEITH, Jr., Special Commissioner.

This litigation arises from an automobile and truck accident that happened in Laurel County June 8, 1961. The facts describing the collision are not important on this appeal.

On August 15, 1961, a suit was filed in the Laurel Circuit Court by Boyd F. Taylor, ancillary administrator of Robert E. Williams, the driver killed in the accident, against Carter Brothers Company, Inc., the owner of the truck, and Albert McLaney, the truck driver.

On September 11, 1961, a joint answer was filed by the defendants pleading the usual defenses to actions of this type, but including no counterclaim.

On June 6, 1962, Carter Brothers Company, Inc. and Albert McLaney filed their complaint in the same court against Ned S.

Williams, the Tennessee executor of Robert E. Williams, and Boyd F. Taylor, ancillary administrator of Williams, seeking for the company property damage, and for McLaney damages for personal injury. Service of summons was had on the nonresident executor through the Secretary of State under KRS 188.020.

After a jury trial, verdict and judgment were entered for Carter Brothers and McLaney for their damages against the Williams estate, and the death claim against Carter Brothers and McLaney was dismissed.

Appellants claim that a nonresident personal representative may not be sued in the courts of the Commonwealth of Kentucky. In this case the motorist was a nonresident using the Kentucky highways when he was killed in an automobile accident.

KRS 188.020 was enacted by the 1954 Legislature enlarging the old act to include the personal representative of a decedent. This Court has not been called upon to decide the validity of it, but it was construed by the United States Sixth Circuit Court of Appeals in Parrott v. Whisler (1963) 313 F.2d 245 and upheld by that Court.

■ It is hornbook law that a personal representative is limited to his own state either to sue or be sued. This was also the rule in Kentucky prior to the enactment of KRS 188.020. A few states have not extended the "long arm" doctrine in nonresident motorist cases to include personal representatives, but in those that have, the courts have generally upheld the validity of it.

■ It is appellants' contention that, first, the personal representative may not be sued in Kentucky and, second, the Act is merely an alternate method of process and cannot meet the test of due process of law.

These arguments were answered clearly in the Parrott v. Whisler case, supra:

"These and other questions relating to similar statutes have been litigated in the courts and while there is some authority to the contrary, the better reasoned cases and the weight of authority support jurisdiction against the nonresident personal representative.

"This result would seem to follow from the decision of the Supreme Court in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, which upheld the constitutionality of a statute providing for service on a nonresident motorist which was attacked on the ground that it violated the due process clause.

"The rationale of Hess was that the nonresident motorist gave his consent to the appointment of the agent upon whom process could be served. We see no good reason why the motorist could not also bind his personal representative by the same consent. The agency did not terminate upon Whisler's death because the rights of third persons had intervened, namely, the injured plaintiffs and the state of Kentucky which was attempting to provide its residents with a remedy in its courts for damages sustained by them on account of the negligent use of its highways by a nonresident motorist.

"The legislative intent in the adoption of the 1954 amendment is clear. We think the amendment was a valid exercise of police power by the state. In the absence of any decision by the Court of Appeals of Kentucky on this question we feel that we should follow the better reasoned cases, particularly since they constitute the overwhelming weight of authority."

This Court now adopts the foregoing as a correct exposition of the law.

■ Appellants next complain that no verified claim was filed as required by KRS 396.020 with the personal representative. This section specifically provides "that such

demand need not be made if the personal representative of the decedent be a nonresident * * *." In this case Ned S. Williams was the executor of the decedent's estate and Boyd F. Taylor, a Kentucky resident, was the ancillary administrator of the estate. Both were parties to the litigation. We think that the personal representative was Williams and as he was a nonresident no such demand was necessary. Also, since this claim sought unliquidated damages, no demand was required.

■ Appellants' third complaint is that under CR 13.01 appellees could not assert an independent action when there was already pending in the same court an action between the same parties arising out of the same occurrence.

On June 6, 1962, the day before the Statute of Limitations ran, the appellees, defendants in the lower court, could not file an amended answer and counterclaim without giving a three day notice. (The rules of the Laurel Circuit Court required a three day notice for the filing of motions, including the motion to file an amended answer and counterclaim). If they gave notice, the statute would run against them. They filed an independent suit against the appellees. The cases were heard together and the issues determined. The situation would be different had the judgment already been entered in the first action. The fact that the first action was still pending and that they were heard together and all issues resolved in one trial carried out the rationale of Rule 13.01. As the record shows, a third action of Willie Dise, a guest passenger, was also heard with these two actions, and all issues in all the actions were resolved in one trial. The real purpose of Rule 13.01 is to require that all issues be resolved between the parties in one trial and to avoid the multiplicity of trials. We think the Court properly overruled the motions of the appellants to dismiss on each occasion.

The judgment should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.