(No. 38977.—

EARL HAYDEN, Appellant, *vs.* FLOYD E. WHEELER, Admr. of the Estate of Mary M. Esser, Appellee.

*Opinion filed September 28, 1965.*

GREENFIELD, LEVIN & GREENFIELD, of Chicago, (IRVING M. GREENFIELD, IRVING D. LEVIN, and ERLAND O. NELSON, of counsel,) for appellant.

HAYE & KEEGAN, of Rockford, (FREDERICK H. HAYE, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This suit arises from an automobile collision in Winnebago County, involving an automobile driven by plaintiff, Earl Hayden, and one driven by Mary M. Esser, a resident of Wisconsin. Mrs. Esser died from injuries sustained in the mishap and defendant, Floyd E. Wheeler, was appointed

administrator of her estate by the county court of Dane County, Wisconsin. Plaintiff instituted this action in the circuit court of Winnebago County against the defendant in his capacity as administrator to recover damages for injuries allegedly sustained by him as a result of Mrs. Esser's negligence. Defendant was duly served with summons in Wisconsin.

Defendant entered his special appearance and made a motion to dismiss the cause on the ground that there was no authority in Illinois which permits a foreign administrator to be made a party defendant in a cause of action such as this. The trial court sustained the motion to dismiss, and plaintiff appealed to the appellate court, which affirmed the order of dismissal. We granted leave to appeal.

The controversy in this case focuses upon section 17 of the Civil Practice Act. (Ill. Rev. Stat. 1963, chap. 110, par. 17.) That section provides in pertinent part that "Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:  *  *  *  (b) The commission of a tortious act within this State;  *  *  *." It is clear that if Mrs. Esser had survived the automobile collision from which this cause of action arises, she would have been subject to suit in Illinois under the provisions of the foregoing section of the Civil Practice Act as the result of her alleged commission of a tortious act within this State. (*Nelson* v. *Miller,* 11 Ill.2d 378; *Gray* v. *American Radiator and Standard Sanitary Corp.* 22 Ill.2d 432.) However, the fact of her death prior to the institution of this action has raised the question whether section 17 permits our courts to exercise jurisdiction over the foreign administrator of a deceased nonresident tortfeasor. Defendant concedes that the legislature could validly confer such jurisdiction if

it so intended. The sole issue on which the parties differ is what the legislature intended when it authorized the courts of this State to assert jurisdiction over the "personal representative" of a nonresident individual who has committed a tortious act in Illinois.

Both parties agree that the commonly accepted definition of the term "personal representative" includes the executor or administrator of a decedent's estate. (Bouvier's Law Dictionary, Baldwin's Ed. (1934); Black's Law Dictionary, 4th ed. (1951); 32 Words and Phrases, p. 541 (1956); see also *Johnson* v. *Van Epps,* 110 Ill. 551; *Dillon* v. *Nathan,* 10 Ill. App. 2d 289; *Mattoon Gas Light and Coke Co.* v. *Dolan,* 105 Ill. App. 1; *Parrott* v. *Whisler,* (6th cir.) 313 F.2d 245. If this be the meaning which the legislature intended then it is apparent that section 17 authorizes the suit against defendant in the case before us, since defendant obviously is Mrs. Esser's personal representative. In its opinion, however, the appellate court relied on decisions in *Elting* v. *First Nat. Bank of Biggsville,* 173 Ill. 368, *Becker* v. *Bird,* 255 Ill. App. 51, and *Filer & Stowell Co.* v. *Rainey,* (N.D. Ill.) 120 Fed. 718, in which appear general statements to the effect that the courts of one State cannot assert jurisdiction over an administrator appointed by the courts of another State. The appellate court concluded that it must assume that the legislature was aware of these decisions and that since section 17 does not expressly authorize suits against foreign administrators as such, the term "personal representative" must be construed narrowly to include only the "agent, employee or representative of a living person or individual". In our opinion, this interpretation is erroneous, and the judgment below must be reversed.

The general rule that courts of one State can not assert jurisdiction over a foreign administrator or executor has been long recognized in this country. (Restatement, Conflict of Laws, par. 512 (1934)). The origin and basis of the rule is not entirely clear. One writer has suggested

that it arose from a misconstruction of the United States Supreme Court decision in *Vaughan* v. *Northrup,* 15 Pet. 1, 10 L. ed. 639. (Holt, Extension of Non-Resident Motorist Statutes to Non-Resident Personal Representatives, 101 U. Pa. L. Rev. 223 (1952)). It has also been suggested that the rule arose as a corollary to the rule that a foreign administrator can not bring suit in a State other than that of his appointment. (Recent Decisions, 1955 U. Ill. L. Forum 764.) The rule has also been said to embody constitutional principles. (*Cf. Leighton* v. *Roper,* 300 N.Y. 434, 91 N.E.2d 876; 18 A.L.R. 2d 537; *State ex rel. Sullivan* v. *Cross,* (Mo.) 314 S.W.2d 889.) It is most generally stated, however, that the rule has its roots in a conflict-of-laws principle that the courts of one State should not interfere with the administration of a decedent's estate which is subject to the control of the courts of another jurisdiction. Restatement, Conflict of Laws, par. 512, comment a (1934); Comment, 57 Yale L. J. 647; Comment, 33 Cornell L. Q. 276.

Whatever be the basis of the general rule, however, courts have almost unanimously held that the rule must give way to legislative enactments which extend judicial jurisdiction over foreign administrators in appropriate instances, such as when the administrator's decedent has committed a tortious act in the forum State. (*Parrott* v. *Whisler,* (6th cir.) 313 F.2d 245; *Hasse* v. *American Photograph Corp.,* (10th cir.) 279 F.2d 666; *Brooks* v. *National Bank of Topeka,* (8th cir.) 251 F.2d 37; *Feinsinger* v. *Bard,* (7th cir.) 195 F.2d 45; *Milam* v. *Sol Neuman Co.* (N.D. Ala.), 205 F. Supp.); *Guerra de Chapa* v. *Allen,* (S.D. Tex.), 119 F. Supp. 129; *Oviatt* v. *Garretson,* 205 Ark. 792, 171 S.W.2d 287; *Toczko* v. *Armentano,* 341 Mass. 474, 170 N.E.2d 703; *Plopa* v. *DuPre,* 327 Mich. 660, 42 N.E.2d 777; *State ex rel. Sullivan* v. *Cross,* (Mo.), 314 S.W.2d 889; *Leighton* v. *Roper,* 300 N.Y. 434, 91 N.E.2d 876; *contra, Knoop* v. *Anderson* (D.C. Iowa), 71 F. Supp. 832.

An examination of the cases on which the appellate court relies in this case reveals that none of those cases involved the construction of a statute which purported to extend jurisdiction of the courts of one State over a foreign executor or administrator. Nor do these decisions, or any other decisions in this State of which we are aware, suggest that such jurisdiction could not be conferred by statute. We think, therefore, that the intent of the legislature in using the term "personal representative" cannot be ascertained by reference to those cases.

Turning to an analysis of section 17 itself, we perceive no reason to attribute to the term "personal representative" any meaning other than its well-recognized and generally accepted meaning. We think that if the legislature had intended to limit the jurisdiction of our courts to living persons and their representatives, it would have so indicated instead of using, without qualification, the generic term "personal representative."

Furthermore, the construction of section 17 argued for by defendant and approved by the appellate court would mean that persons injured in this State have redress in our courts while a nonresident tortfeasor is living but no such remedy in the event the tortious act is serious enough to cause the tortfeasor's death. We can think of no reason why the legislature would have intended such a result which would not be consistent with the general purpose of section 17 "to enable the plaintiff to obtain a trial of the issues of liability and of damages in this State, when the circumstances make it the appropriate and convenient forum for that purpose." *Nelson* v. *Miller,* 11 Ill.2d 378, 393.

The judgment of the appellate court is reversed and the cause remanded to the circuit court with instructions to vacate the order dismissing the cause.

*Reversed and remanded, with directions.*