23796, 23797, 23798.   PETERSON, Administrator, et al. v. WADE (three cases).

ARGUED NOVEMBER 14, 1966—DECIDED DECEMBER 5, 1966.

*Foley, Chappell, Young, Hollis & Schloth, Howell Hollis,* for appellants.

*Kelly, Champion & Henson, John W. Denney, J. Norman Pease, Kenneth M. Henson,* for appellee.

ALMAND, Justice. We adopt the statement of facts in the brief of appellant viz.: These appeals are from "three companion cases involving identical facts and issues of law. The cases arise out of an automobile collision occurring September 19, 1964, between an automobile driven by Barbara Sharpe Peterson, allegedly as agent of Jeffrey Haynes Peterson, and in which he was a passenger, and an automobile driven by appellee Betty F. Wade, in which appellee's husband, Wilsie L. Wade, and child, Rebecca Elisa Wade, were passengers. Both Petersons and Wilsie Wade and Rebecca Wade were killed in or died as a result of the collision, and Mrs. Wade was injured.

"Appellants were appointed administrators of the estates of Barbara Sharpe Peterson and Jeffrey Haynes Peterson by the Probate Court of Middlesex County, Massachusetts, and gave bonds for the performance of their trusts on December 17, 1964, . . . , and December 4, 1964, . . . respectively.

"Appellee filed these suits in the Superior Court of Muscogee County, Georgia, alleging negligence on the part of Barbara Sharpe Peterson as the proximate cause of the collision and imputing that negligence to Jeffrey Haynes Peterson, and naming, as defendants, appellants as their administrators. Appellee seeks to recover: in No. 23796, for her child's death; in No. 23797, for her husband's death; and in No. 23798, for her personal injuries.

"Service was sought under the Nonresident Motorists Act as amended, and service was made on the Secretary of State of Georgia on July 1, 1966, in each case. The record shows that no other notice, claim, or demand was made or delivered to, or service had on, appellants nor was filed in the Probate Court of Middlesex County, Massachusetts.

"The appellants specially appeared and, without submitting to the jurisdiction of the superior court, filed (a) pleas to the jurisdiction and (b) traverses of service, contending that the appointment by their decedents of the Secretary of State as their agent for service, not being coupled with an interest, terminated with their deaths and that Section 3 of the Act set forth in

Georgia Laws 1957 at page 649, purporting to authorize service on nonresident administrators, is unconstitutional as a denial of due process of law and (c) pleas in bar contending that the actions were barred by the failure to serve a writ or process on appellants by delivery in hand and by failure to file a notice of claim in the registry of the Massachusetts Probate Court within one year after appellants gave bond, as required by the Massachusetts statute cited in the pleadings and proved at the hearing.

"The trial court, after receiving evidence and hearing argument, overruled and denied all of the appellants' special pleas."

■ The Nonresident Motorists Act of 1937 (Ga. L. 1937, p. 732, as amended Ga. L. 1957, p. 649; *Code Ann.* § 68-810) provides in part: "If any person upon whom service of process is authorized by this Chapter shall die, be insane, become insane, or shall not be sui juris, service shall be made upon his administrator, executor, guardian, or personal representative, in the manner prescribed in this Chapter, if such administrator, executor, guardian, or personal representative shall not be a resident of this State."

It is contended that *Code Ann.* § 68-810 violates Art. I, Sec. I, Par. III of the Constitution of Georgia (*Code Ann.* § 2-103) and the 14th Amendment to the Federal Constitution in that it seeks to deprive the defendants of their property without due process of law in that (1) it seeks to extend the jurisdiction of the Georgia courts beyond the borders of the State of Georgia, (2) it seeks to provide a means of service of process or notice of claim on these defendants as administrators otherwise than as provided by the laws of Massachusetts, over which the courts of that State have exclusive jurisdiction and (3) said Act violates the 14th Amendment to the Federal Constitution in that it seeks to abridge the privileges and immunities of the defendants as citizens of the United States in that these defendants as administrators appointed by the Probate Court of Middlesex County, Massachusetts, are entitled to have claims against the estates in their charge adjudicated by the courts of Massachusetts.

(a) *Code Ann.* § 68-810 is not subject to the constitutional

attacks made upon it. The legislature, in providing that where a nonresident motorist subject to suit in Georgia dies, service shall be made upon his personal representative, if not a resident of Georgia, exercised its police power in regulating the use of the state highways. Similar attacks upon identical nonresident motorist statutes have been made and denied by the appellate courts in the States of Kentucky (Williams v. Carter Bros. Co., 390 SW2d 873) ; Missouri (Sullivan v. Cross, 314 SW2d 889) ; Wisconsin (Tarczynski v. Chicago, M., St. P. & P. R., 261 Wis. 149 (52 NY2d 396)) ; New York (Leighton v. Roper, 300 N. Y. 434 (91 NE2d 876, 18 ALR2d 537)) ; Massachusetts (Toczko v. Armentano, 341 Mass. 474 (170 NE2d 703)) ; Michigan (Plopa v. Du Pre, 327 Mich. 660 (42 NW2d 777)) ; Arkansas (Oviatt v. Garretson, 205 Ark. 792 (171 SW2d 287)) ; and Illinois (Hayden v. Wheeler, 33 Ill. 2d 110 (210 NE2d 495)).

The reasoning of the New York Court of Appeals in Leighton v. Roper, 300 N. Y. 434, 442, supra, is so appropriate to answer the contentions of the appellants in this case that we quote from that opinion with approval the following: "It is urged that the decedent's designation of the Secretary of State was not binding because the agency created by the statute terminates on the death of the principal. But this is to ignore not only the fact that it was an agency created, not for the benefit of the principal, but for the benefit of third persons (Restatement, Agency, §§ 120, 139), as well as the State, in the orderly regulation of its highways, and the additional fact that the Legislature has seen fit to make the agency irrevocable, thus annulling any common-law rule to the contrary. (Oviatt v. Garretson, 205 Ark. 792 [171 SW2d 287], upholding a similar statute). The Legislature has enacted the statute under consideration in the exercise of its police power, utilized for a purpose and in an area most appropriate for such legislation . . .

"A State may not exercise jurisdiction and authority over persons without its territory, . . . but every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory, and has unquestioned police power with respect to its highways. When decedent came upon the highways of this state with his automobile, *he subjected himself to our*

*jurisdiction, and consented, while here,* irrevocably to bind his legal representative in an action arising out of any accident in this State in which his automobile was involved.

"The statute is narrowly drawn to fit the need, provides all the procedural safeguards required for due process of law, and is applicable only to a cause of action arising in this State. Whatever may be said about the use of such a procedure in other situations, or 'generally, without restriction or qualification' where it might be argued that it would constitute an unjustifiable infringement upon the sovereignty of other states, is therefore inapplicable here.

"Much has been said in favor of the immunity of foreign representatives in order to provide a system of orderly administration of estates, but the concept of jurisdiction over a decedent's estate in the field of estate law must yield in this case to the exercise by New York of its police power in a field undeniably its own, in the limited respect provided by section 52. . .

"With the cause of action arising here; an, irrevocable consent made expressly binding by statute on the decedent's legal representative for the benefit of third persons, whose interests are adverse to decedent, in consideration of the privilege, without requiring a license, of using our highways, which privilege the state might otherwise have denied him; with procedural safeguards required for due process, and limited to such a situation only; we conclude that the statute challenged is a valid exercise of police power, and is not in conflict with the requirements of due process." Leighton v. Roper, 300 NY 434, supra.

Chief Justice Wilkins in Toczko v. Armentano, 341 Mass. 474, 478, supra, upholding the validity of a similar statute, on the question of whether the death terminated the state registrar as an agent for the service of process said "it would be an incomplete achievement to leave uncovered the case of a nonresident operator who may not have survived the accident or who, for any reason, may not have lived long enough for trial of the action against him. The statute was enacted under the police power. There is no constitutional provision which prevents our legislature from authorizing service of process for the purpose

of bringing such personal representatives into our courts to answer to the type of case with which we are concerned. This is a jurisdiction based upon consent, which arises from the operation of the automobile within this Commonwealth. The appointment of the registrar as agent for service of process was irrevocable. The agency is not one which terminates with the death of the principal, for it was created not for his benefit but for the benefit of third persons. Restatement 2d: Agency, §§ 120, 139; Leighton v. Roper, 300 N.Y. 434, 442-443. See Iovino v. Waterson, 274 F2d 41, 47 (2d Cir.), certiorari denied sub nom. Carlin v. Iovino, 362 U. S. 949 [80 SC 860, 4 LE2d 867]. See also Band v. Davis, 325 Mass. 18, 20-21 [88 NE2d 652]. As Mr. Justice Brandeis said for the court in Young v. Masci, 289 U. S. 253, 259 [53 SC 599, 601, 77 LE 1158], 'The power of the state to protect itself and its inhabitants is not limited by the scope of the doctrine of principal and agent.' "

(b) The fact that the appellee failed to file notice of her claim against the estate of the deceased motorist with the Massachusetts administrators pursuant to Chapter 197, Section 9 of the Massachusetts General Laws is not a bar or a defense to the suit of the appellee. Bearing in mind that the causes of action arose in Georgia and the suits were brought in Georgia in a court having jurisdiction of the action and of the parties, the law of the forum controls and not the laws of the residence of the defendant appellants. "The law of the forum governs all matters of pleading and the conduct of proceedings in court." Restatement, Conflict of Laws, § 592. "If the action is not barred by the statute of limitations of the forum, an action can be maintained." § 604. "All matters of procedure are governed by the law of the forum." § 585.

"As to remedies, the law of the forum prevails. Consequently, in an action brought by creditors of a testator in the State of Georgia against his executors, the statute of limitations of Georgia will be applied, rather than the statute of limitations of the State of the testator's domicile." *Owsley v. Bowden,* 161 Ga. 884 (2) (132 SE 70, 44 ALR 795). As this court said in *Johnson v. Jackson,* 56 Ga. 326, 328, "the policy of the State is to furnish her own people with a remedy to recover their

rights in her own courts, without compelling them to go into a foreign jurisdiction to obtain their lawful and just claims."

The court did not err in overruling (a) the pleas to the jurisdiction, (b) the traverse of service and (c) the pleas in bar, in all three cases.

*Judgments affirmed. All the Justices concur.*