ELLEN M. DORAN *vs.* WALTER F. NALLY, JR. & others.  September 18, 1980.  1. The judge did not err in finding and ruling that, when the plaintiff and her joint tenant signed the deed of conveyance and caused it to be placed in the hands of a New Hampshire lawyer who simultaneously represented the sellers, the buyers, and the bank which was to make the mortgage loan to the buyers, no delivery had yet been made to the buyers and that it was implicit that the deed would not be delivered to the buyers until they had executed the mortgage note and delivered the balance of the purchase price.  The mere execution of the deed did not sever the cotenancy.  *Sondheim* v. *Fenton,* 326 Mass. 28, 30 (1950).  See Moynihan, Introduction to the Law of Real Property 223 (1962).  Assuming, without deciding, that the cotenants' act of executing the deed could operate as a severance of the joint tenancy prior to delivery if that were shown to have been their intention (see *Mamalis* v. *Bornovas,* 112 N.H. 423, 426-427 [1972]), we find nothing in the record from which the judge might have inferred such an intention.  It follows that the cotenancy had not terminated at the time of the death of one of the cotenants and that the plaintiff, as the surviving cotenant, became entitled to receive the entire purchase price when it was paid several days later.  *Sondheim* v. *Fenton, supra* at 30-31.  2. The evidence that the plaintiff and her cotenant went to the Bay State Savings Bank on April 7, 1976, and added her signature to the signature card of the savings account previously standing in the cotentant's name alone, and that the bankbook and the bank's records were revised to show joint ownership, was sufficient to warrant the judge's finding that the ownership of the account was intended to be as indicated in the bank's records.  *Blanchette* v. *Blanchette,* 362 Mass. 518, 523-524 (1972).  *Ross* v. *Ross,* 2 Mass. App. Ct. 502, 509 (1974), cert. denied, 420 U.S. 947 (1975).

*Judgment affirmed.*

*Henry P. Grady* for the defendants.
*Henry C. Donnelly* for the plaintiff.